CHARLES COOPER, Respondent, *v.* HENRY B. PAYNE, Appellant.

EVIDENCE — ADMISSIBILITY OF PAROL EVIDENCE TO COMPLETE WRITTEN AGREEMENTS EXECUTED SUBSEQUENT TO AN ORAL CONTRACT. Parol evidence of an express warranty of a machine sold and delivered under an oral contract is admissible, where supplementary written agreements, under which it is claimed the machine was sold, examined in the light of all the facts and circumstances, do not contain the entire agreement of the parties, but are merely modifications of the original oral contract in respect to the terms of payment, and such evidence is not inconsistent with or contradictory of the written agreements.

*Cooper* v. *Payne*, 103 App. Div. 118, reversed.

(Argued October 24, 1906; decided November 13, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 20, 1905, affirming a judgment in favor of plaintiff

entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry V. Borst* for appellant. There was an implied warranty by the plaintiff that the machine was fit for the special purpose for which it was designed. (*Edwards* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 247; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 145; *Bierman* v. *City Mills Co.*, 151 N. Y. 489; *McClure* v. *Central Trust Co.*, 165 N. Y. 123.) An implied warranty survives, notwithstanding a written contract containing no warranty. (*Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 146; *Hamilton* v. *Ganyard*, 2 Abb. Ct. App. Dec. 314; *Studer* v. *Bleistein*, 115 N. Y. 325; *Taylor* v. *Saxe*, 134 N. Y. 67; *Wegenaur* v. *Dechow*, 33 App. Div. 13; *Pierson* v. *Crooks*, 115 N. Y. 539; *Stone* v. *Browning*, 68 N. Y. 599.) The trial court erred in refusing to allow the defendant to show that the plaintiff had expressly warranted the machine. (*Briggs* v. *Hilton*, 99 N. Y. 517; *Thomas* v. *Scutt*, 127 N. Y. 138; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 147.)

*Andrew J. Nellis* and *J. S. Sitterly* for respondent. The proof did not disclose any express warranty and none could be implied. (2 Benj. on Sales [6th ed.], § 987; *D. C. D. Co.* v. *Mallory*, 69 L. R. A. 973; *McClure* v. *C. T. Co.*, 165 N. Y. 108; *Smith* v. *Coe*, 170 N. Y. 169; *Seitz* v. *B. R. M. Co.*, 141 U. S. 510.) The agreements for the sale of the machine being in writing, after plenty of opportunity for inspection, a parol warranty can in no wise enlarge their provisions; consequently no error was committed in the rejection of proffered testimony. (*Mumford* v. *McPherson*, 1 Johns. 414; *Eighmie* v. *Taylor*, 98 N. Y. 288; *L., etc., Co.* v. *Hartung*, 46 N. Y. S. R. 191; *Englehorn* v. *Reitlinger*, 122 N. Y. 76; *Leichtenstein* v. *Rabolinski*, 90 N. Y. Supp. 247; *Ruse* v. *M. B. L. Ins. Co.*, 23 N. Y. 516 : Benj. on Sales, § 610.)

Werner, J.　The action is upon a promissory note which is one of several notes given by the defendant to the plaintiff for a part of the purchase price of a knitting machine sold by the latter to the former.　The defendant's answer alleges the breach of an express warranty as to the character, quality and amount of work which this machine was designed to do. Evidence was offered to support these allegations and excluded upon the theory that it was inadmissible to vary the terms of the contract, which the learned trial court regarded as having been wholly reduced to writing.　The questions presented by the various exceptions to the rulings in this behalf might be discussed in detail and at length, but as the whole controversy depends primarily upon the nature of the contract, we shall consider the case broadly and briefly from that point of view.

The negotiations between the parties began in November, 1902, when the plaintiff offered to sell to the defendant a knitting machine described in a submitted catalogue.　This was followed in December by the plaintiff's acknowledgment of an order for a machine at the price of $1,255, payable "net 30 days."　The machine in question was delivered to the defendant on the 3d day of April, 1903, and remained unused in the factory of the latter until May 26th, 1903, when the parties signed in duplicate a written instrument reciting a present conditional sale of the machine by the plaintiff to the defendant, the reservation of title in the former, and the promise of the latter to pay for the same upon demand.　From that time until December 1st, 1903, the machine was still left in its shipping wrappings at the defendant's factory, and on the latter date the parties executed another written instrument reciting the sale and delivery of the machine on April 3rd, 1903, the non-payment of the purchase price and interest, and providing for a new time and method of payment as witnessed by the notes upon one of which this action is brought. Contemporaneously with the execution of the last-mentioned paper and the notes in question, there were oral negotiations as to the setting up of the machine and getting it into operation.　The plaintiff sent a man to start the machine, but,

according to the evidence of the defendant, it failed to work after several trials, and this suit followed. The record contains much of the voluminous correspondence between the parties. It is interesting in its revelations of their practical attitude towards each other, and has some bearing upon the decisive question in the case, but on account of its volume we refrain from quoting it. It is enough to say that upon the record as made by this correspondence and the written instruments above referred to, the learned trial court held that the alleged express warranty relied upon by the defendant did not survive the execution of these writings under which it was assumed that the defendant had purchased and accepted the machine. The logical corollary of this view was the exclusion of all proffered oral testimony as to an express warranty, and the necessary effect of the rulings in that behalf was to deprive the defendant of any chance to make a case for the consideration of the jury. Upon defendant's appeal to the Appellate Division the judgment entered upon the directed verdict was affirmed.

We think both of the learned courts below entertained an erroneous view of the two written instruments under consideration. They are clearly not the full and complete repositories of the understanding of the parties. They are not only separate writings of different dates subsequent to the actual sale and delivery of the machine, but they are obviously supplemental to an oral contract pursuant to which sale and delivery were consummated. A glance at these writings in the light of the undisputed facts and the mutual attitude of the parties clearly reveals their very limited character. The first writing was dated May 26th, 1903. The machine had in fact been sold and delivered on April 3d, 1903, and the correspondence shows that the parties regarded it as a consummated sale as of that date. In view of these circumstances the mere recital in the instrument of May 26th of a present sale is not controlling. Passing this recital and going to the substance of the document, we see that it is nothing more nor less than an arrangement for extending to the defendant his time of payment, which was then overdue, and giving to the

plaintiff security for his forbearance. The whole context bears out this view and the subsequent correspondence indicates that this was the understanding of the parties. In no aspect can any of its provisions be said to be inconsistent with an oral warranty of quality and workmanship. Even more unmistakable in its import is the instrument dated December 1st, 1903. That recites a sale and delivery as of April 3rd, 1903, the continued indebtedness of the defendant to the plaintiff, and the promise of the former to pay according to the newly stipulated terms. It distinctly recognizes the existence of the contract of April 3rd, and we look through it in vain for a single written word that will be contradicted or rendered nugatory by proof of an oral warranty. The more these two instruments of May 26th and December 1st are studied in connection with the circumstances surrounding their execution, the more evident it becomes that they do not purport to contain the full agreement of the parties, but are merely modifications of the original oral contract in respect of the terms of payment.

We, therefore, conclude that the case at bar is within the rule laid down in *Chapin* v. *Dobson* (78 N. Y. 74) and approved in *Eighmie* v. *Taylor* (98 N. Y. 288), to the effect that the prohibition against the reception of parol evidence to vary or modify a written contract, cannot be invoked where the original contract was verbal and entire and a part only was reduced to writing. The application of that rule to this case is made so plain in *Thomas* v. *Scutt* (127 N. Y. 133) that we may safely close our discussion of this question with a brief quotation from the opinion in that case. In classifying the cases which are exempt from the rule that a complete written contract cannot be modified or contradicted by parol evidence, Judge VANN says: "The second class embraces those cases which recognize the written instrument as existing and valid, but regard it as incomplete either obviously, or at least possibly, and admit parol evidence, not to contradict or vary, but to complete the entire agreement of which the writing was only a part. * * * Two things, however,

are essential to bring a case within this class : 1. The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. 2. The parol contract must be consistent with and not contradictory of the written instrument." This extract we regard as a compendium of the law applicable to this case, and it follows that the defendant should have been allowed to make proof, if he could, of the express oral warranty alleged in his answer.

The judgment herein should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Edward T. Bartlett, Willard Bartlett and Hiscock, JJ., concur; Gray, J., absent; Chase, J., not sitting.

Judgment reversed, etc.