OHL v. COLEMAN et al.

(Supreme Court, Appellate Term. December 16, 1908.)

EVIDENCE (§ 397*)—PAROL EVIDENCE—ADMISSIBILITY.
    While parol evidence is admissible to show the entire contract where the written contract is incomplete, such evidence was properly excluded where the writing contained the entire contract and the evidence offered did not show any additional agreement.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756–1765; Dec. Dig. § 397.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Adam Ohl against Nathan Coleman and another, copartners under the name of Coleman & Krause. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Cohen Bros. (Harold H. Cohen, of counsel), for appellants.

James I. Moore, for respondent.

GIEGERICH, J. The defendants ordered a machine of the plaintiff's assignors by a letter of which the following is a copy:

"Oct. 8th, 1907.

"George A. Ohl & Co., 161 Oraton St., Newark, N. J.—Gentlemen: Kindly enter our order for one 38" crimping machine, price $250.00. It is understood that the above machine is guaranteed to crimp *20 gauge iron. It is further agreed between you and ourselves in regards to the payment as follows: $75.00 on delivery and set in position complete and the balance of $25.00 each month. This crimper to be driven by belt power. Kindly hurry same along and oblige. `

    "Yours very truly,                          Coleman & Krause."

The defense set up was that the machine furnished would not crimp *20 gauge iron as guaranteed. Judgment was given for the plaintiff by the trial judge.

The appellants claim that error was committed in the exclusion of evidence offered on their behalf. One of them was asked the following question: "Did you have any conversation with Adam Ohl at the time you gave him your order for the machine?" To which he answered: "Yes, sir." Then he was asked: "Just state the conversation, please." The plaintiff's counsel objected on the ground that the contract was all in writing, which objection the court sustained. The appellants' counsel excepted, but did not ask any further questions to show what was the nature of the oral evidence thus sought to be in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

troduced, nor did he make any offer of proof, or state to the court what he was ready or desired to prove. Neither can it be discovered, from anything in the answer, what parol evidence was sought or would have been revelant to any issue presented by the pleadings. The appellants cite Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961, Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, Perry v. Bates, 115 App. Div. 337, 100 N. Y. Supp. 881, Manhattan Guide Company v. Gluck, 52 Misc. Rep. 652, 101 N. Y. Supp. 528, Cooper v. Payne, 186 N. Y. 334, 78 N. E. 1076, and many other cases upon the proposition that parol evidence is admissible to complete the entire agreement made between the parties. Such is doubtless the law; but a reversal cannot be had under such circumstances as are here shown. It is not made to appear by anything in the record that the parol evidence sought to be elicited would have had such an effect, nor is there anything in the pleadings to show that the contract was anything more than what is set forth in the letter.

The appellants further urge that the judgment is contrary to the weight of the evidence, but after considering the evidence I am convinced that this contention is not well founded. The appellants have inserted in their printed brief certain letters, purporting to have been written by them to the respondent's assignors and bearing date as follows: December 3, 1907 (two in number), December 6, 1907, December 17, 1907, and December 23, 1907 (two in number). Although I have carefully examined the return, I have been unable to find any record that some of these letters were admitted in evidence, or even marked for identification. Some of them are among those which were admitted in evidence and are contained in an envelope marked "Exhibits" in the case. Why the clerk has made these letters and another letter not admitted in evidence a part of the return is difficult to understand. They do not bear the mark of the stenographer, and that they were not admitted in evidence is further evidenced by the return, which recites that certain exhibits were read on the trial, and the letters of said dates are not among them.

The judgment should be affirmed, with costs. All concur.