LESIN et al. v. SHAPIRO et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. SALES (§ 59*)—CONTRACTS—WRITTEN CONTRACT.

Horses were sold under a written agreement describing them as "kind, good, wind sound, in single and double harness," and reciting that plaintiffs agreed to sell defendants the same, part of the purchase money to be paid when title was turned over, and the remainder in monthly installments. On making the payment referred to, a bill of sale passing the title was executed. Held, that the two instruments together constituted the contract between the parties, and the bill of sale, though slightly changing the method of payment, did not supersede the written agreement, for the agreement did not pass title, and the bill of sale was merely the final step in the consummation of the contract.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 59.*]

2. SALES (§ 442*)—WARRANTIES—DAMAGES—NECESSITY OF PROOF.

Where defendants in an action for the price of several horses and other property set out a breach of an express warranty, in that two of the horses sold were unsound, a judgment in their favor cannot be supported in the absence of proof of damage suffered; for if there was a breach of such warranty, the damages would be the difference between the value of all the property bought as warranted and value in their actual condition.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1285; Dec. Dig. § 442.*]

3. SALES (§ 348*) — ACTION FOR PRICE — FRAUD — DAMAGES — NECESSITY OF PROOF.

In an action for the purchase price of horses, where defendants answered, setting up damages for fraudulent representations in making the sale, but did not plead a rescission of the contract, a judgment for defendants cannot be sustained in the absence of proof of the amount of their damage; for, not having rescinded the contract, they cannot hold the animals, and refuse to pay for them.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 348.*]

4. APPEAL AND ERROR (§ 263*)—REVIEW—PRESENTATION OF GROUND OF REVIEW IN COURT BELOW.

Though no exceptions were reserved to the charge of the trial court, errors of law therein may be reviewed where an appeal has been taken from the denial of a motion for new trial on the ground that the verdict was against the law and evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1532; Dec. Dig. § 263.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Israel Lesin and Joseph Lesin, copartners doing business as Lesin Bros., against Meyer Shapiro and Samuel Wolfman. From.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

a judgment for defendants and an order denying their motion for new trial, plaintiffs appeal. Reversed and remanded.

Argued before JENKS, P. J., and CARR, THOMAS, HIRSCH-BERG, and RICH, JJ.

Charles Burstein, for appellants.
Herzfeld & Sweedler, for respondents.

CARR, J. [1] The plaintiff appeals from a judgment of the Municipal Court of the city of New York, in the borough of Brooklyn, in favor of the defendant, entered upon the verdict of a jury. The pleadings were written. The plaintiff sued to recover for a balance of $500 unpaid on a sale of horses, trucks, and certain appurtenances. The answer, after making various denials, set up an affirmative defense to the effect that the sale in question was induced by false and fraudulent representations on the part of the plaintiffs and relied upon as true by the defendants, by which they suffered damages to the extent of $500. The articles sold consisted of four horses, four trucks, four sets of harness, and various other articles. The price was $2,-212.50. Title was passed under a bill of sale dated March 17, 1911, which recited the receipt from the vendees of the sum of $1,112.50 in cash, and the delivery of six promissory notes payable at various dates thereafter and secured by chattel mortgage on the articles sold, and described in the bill of sale. Of the cash recited as received by the vendors, the sum of $500 was represented by a check drawn by the vendees to the order of the vendors in the sum of $500. The defendants stopped payment on this check, and this action has been brought to recover the amount thereof.

At the trial the controversy between the parties assumed the form of a contest as to whether there had not been a warranty by the vendors that the horses had been sold as "sound." The defendants so asserted, and gave evidence thereof by producing a writing signed by the vendors, which recited an agreement to sell certain property specified therein for $2,212.50, and reciting the receipt on account of the purchase price of the sum of $600. In this writing the horses specified were described as "kind, good, wind sound, in single and double harness." This writing was signed and delivered by the vendors on March 14, 1911, thus preceding the execution and delivery of the bill of sale on March 17, 1911. There was a controversy as to whether the vendors intended to make any warranty as to the soundness of the horses, and whether the defendants had not inserted the word "sound" in the writing by deception practiced upon the vendors. The evidence on this question is sufficient to support the finding of the jury in favor of the defendant vendees.

It is urged, however, by the plaintiffs appellants that all the negotiations and executory agreements of the parties are to be deemed to be merged in the bill of sale of March 17th, and, as that instrument contained no warranty, none can be claimed by the defendants. If there was a binding warranty, then the evidence was sufficient to show a breach thereof, as two of the horses were not "sound," but were in fact incurably lame to some extent. The written agreement of March

14th, in which the warranty appears, was an executory contract of sale. It declares that:

"We (Lesin Bros.) herewith agree to sell to Meyer Shapiro * * * Sam'l H. Wolfman the following— * * * The horses to (be) paid for as follows —Six hundred dollars on the signing of this receipt Five hundred dollars when title to horses, trucks, and harness is turned over to Sam'l H. Wolfman & Meyer Shapiro—Eleven hundred dollars and twelve dollars to be paid in monthly instalments of one hundred and fifty dollars—Horses to be free and clear from all mortgages and encumbrances."

This writing was signed by the vendors, but was prepared by the vendees. Title to the property did not pass under it, as it provided for a further condition at a future time when title was to be turned over to the vendees. Title could have passed thereafter on making the conditioned further payment, as well by mere delivery of the articles as by a bill of sale. The agreement did not in express terms require the execution and delivery of a bill of sale, and the vendees on tendering the further payment of $500, as therein provided, would have been entitled to the delivery and possession of the articles. The bill of sale executed and delivered on March 17, 1911, was therefore not a new agreement, but simply a step finally consummating the previous executory agreement. It contains a slight modification as to the time of the payments of the balance due on the purchase price and for the giving of security therefor, but it made no other change, and it expressly recites the previous payments made by the vendees under the executory agreement. There is not in the bill of sale one written word that is contradicted or rendered nugatory by the provisions in the executory contract of March 14th as to a warranty. Therefore, considering all the circumstances attending this transaction of sale, the written executory agreement and the bill of sale must be considered together as constituting the entire contract between the parties. Cooper v. Payne, 186 N. Y. 334, 78 N. E. 1076.

[2, 3] However, if the defendants stand upon a breach of warranty, as they argue on this appeal, the judgment in their favor should not stand, as they have given no evidence of damages resulting from the breach. They bought, not two horses, but eight horses and various other articles. If there was a breach of express warranty, then the measure of their damages would have been the difference between the value of all the articles if they had been as warranted, and the actual value. Isaacs v. Wannamaker, 189 N. Y. 122, 81 N. E. 763. There was no proof offered to show such difference. While the respondents seem to rest in this court on the contention of a breach of warranty, their answer is so framed that the defense which they set up may be considered as one not resting upon an express warranty, but as one based upon damages for fraudulent representations, relying upon which they were induced to enter into the contract of sale. In this light they would be no better off, as their answer does not plead a rescission by them on the discovery of the fraud, but it shows them as standing on the contract and setting up the damages resulting from the fraud as a defense. They gave no evidence as to the amount of such damages, and there is nothing in the case upon which the jury could have found that such damages amounted to $500, or any other

definite sum, as the jury must have found in the light of their verdict for the defendants.

[4] The learned trial court charged the jury erroneously as to the rule of law involved, for he instructed them practically to find a verdict for the defendant if they found that two of the horses were not "sound." There was no exception taken to the charge, but on the coming in of the verdict the plaintiffs moved for a new trial on the ground that the verdict was against the law and against the evidence. This motion being denied and the decision thereon appealed from, this court is not precluded from reviewing the questions of law involved by the fact that there were no exceptions to the charge of the trial court. Smith v. Long Island R. Co., 129 App. Div. 427, 114 N. Y. Supp. 228; Brennan v. City of New York, 123 App. Div. 7, 107 N. Y. Supp. 455; McGrath v. Home Insurance Co., 88 App. Div. 153, 84 N. Y. Supp. 374; Crane v. Barron, 115 App. Div. 196, 100 N. Y. Supp. 937.

The judgment and order of the Municipal Court should be reversed and a new trial ordered, costs to abide the event. All concur.