ZADEK v. OLDS, WORTMAN & KING.   (No. 6773.)

(Supreme Court, Appellate Division, First Department.   February 5, 1915.)

1. CONTRACTS (§ 229*)—WORK BY ARCHITECTS—ARBITRATION CLAUSE.

The provision of a contract for the designing and superintending of installation of fixtures, by plaintiff for defendant, that if contracts for the construction be not let the consideration to be paid plaintiff shall be determined by arbitrators, has no application where the fixtures were installed, but plaintiff was prevented by defendant from doing his work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1045–1057, 1059–1066, 1070, 1077; Dec. Dig. § 229.*]

2. CONTRACTS (§ 314*)—WORK BY ARCHITECTS—IMPLIED COVENANT—OPPORTUNITY TO WORK.

The contract whereby, in consideration of a commission on the cost of fixtures, for which designs shall have been actually prepared by plaintiff, he agrees to design and superintend installation of fixtures for defendants' building, impliedly covenants that he shall have opportunity to do his work, so that by depriving him thereof defendants breach the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1446; Dec. Dig. § 314.*]

3. CONTRACTS (§ 321*)—BREACH—REMEDY.

Where, after plaintiff has partly done his work under a contract to design and superintend installation of fixtures for a percentage of their cost, defendants deprive him of opportunity to complete it, he may at his election recover on a quantum meruit for the value of services actually rendered, or damages for defendants' breach.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508–1527; Dec. Dig. § 321.*]

Action by Jacob Zadek against Olds, Wortman & King. Plaintiff moves for new trial, on exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions sustained, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

George A. Stearns, of New York City (Louis B. Brodsky, of New York City, on the brief), for plaintiff.

Charles Thaddeus Terry, of New York City, for defendant.

HOTCHKISS, J. The complaint was dismissed for failure to state a cause of action. Plaintiff sues as assignee of one Taussig, upon a written contract between the latter and the defendants. The provisions affecting the sufficiency of the complaint are as follows:

It recites that, "for and in consideration of 5 per cent. commission on the actual cost of all fixtures for which plans, designs and specifications shall have been actually prepared" by Taussig, he "agrees to plan, design, and inspect the construction of and superintend and inspect the installation of fixtures to be placed upon the first, second, third, and fourth floors of the building to be erected" by defendants. Taussig further agrees to prepare and submit preliminary plans, and upon acceptance thereof by defendants to make elevation drawings, and thereafter to prepare full-sized construction details and specifications, and to secure bids for the manufacture and installation of the fixtures, all of which bids are to be submitted to defendants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

before acceptance; defendants reserving the right to reject any and all bids and call for additional bids. Taussig further agrees to superintend the fixtures during their fabrication, and also to superintend their installation. The parties mutually agreed that Taussig's necessary traveling expenses incident to carrying out the contract should be borne jointly; also that the 5 per cent. commission to be paid Taussig "shall not be due and payable until the completion and the installation of said fixtures to the satisfaction" of defendants and their acceptance thereof; that "if for any reason" defendants "shall not install said fixtures, * * * then and in that case the commission to be paid" Taussig "shall not exceed the sum of 4 per cent. on the contract price, in the event contracts for the construction have been let. If contracts for the construction thereof have not been let, * * *, the consideration to be paid" Taussig "shall be determined by a board of arbitrators, one to be" appointed by Taussig, another by defendants, and the two to select a third; the decision of the three as to the amount of commission to be paid to be binding.

For a first cause of action the complaint alleges that between February 15, 1909, the date of the contract, and October of that year, notwithstanding defendants failed and refused to furnish Taussig with the necessary details and information for the completion of his work, he (Taussig) in fact did a large portion of the preliminary work incident to his employment, and completed a considerable part of the entire work he had assumed to do, but that thereafter the defendants discharged him, and subsequently employed another person, who completed his work, and that the defendants had had actually installed all of the fixtures covered by the contract at a cost of about $200,000. For relief plaintiff demands $10,000 as damages, in addition to $205, being one-half of his necessary traveling expenses. The second cause of action is on a quantum meruit and for moneys expended, and judgment for $8,500 is demanded.

It was practically conceded on the argument that, so far as the $205 alleged to have been expended by plaintiff during the time he was serving under the contract was concerned, the dismissal of the complaint was wrong. Defendants are not necessarily bound by such concession, and I can see no reason, if plaintiff is not entitled to recover anything for his services, why he is entitled to recover any part of his disbursements incident thereto, because his right to recover anything would seem to depend upon identical conditions, namely, his carrying out the contract on his part.

[1, 2] The greater part of the argument at bar was devoted to a construction of the arbitration clause. But I think this has nothing to do with the case, and that it attached only in the event that the proposed installation of the fixtures should be abandoned, or should they for any other reason be not installed. The case reduces itself to this: Did the contract impose on the defendants any obligation whatsoever? The question is not whether defendants could have abandoned the projected work, or whether they could have discharged plaintiff for sufficient reasons, but whether they could arbitrarily or capriciously at any time deprive plaintiff of the right to earn the agreed compensation, notwithstanding defendants themselves continued the proposed work to completion. The fact that the contract contains no express covenant on defendants' part is immaterial. In every contract there is an implied undertaking on the part of each party that he will not, intentionally, do

anything to prevent the other from carrying out the agreement on his part. In the contract before us the law implies a covenant on defendants' part that plaintiff should have an opportunity to earn his compensation, provided the projected work was proceeded with; and so long as plaintiff observed the express and implied obligations imposed upon him, such a covenant necessarily arose out of the grant to plaintiff of the privilege to earn the compensation agreed on, and any wrongful act of defendants destroying such privilege was a breach of the contract, which relieved plaintiff from further performance on his part. Patterson v. Meyerhofer, 204 N. Y. 96, 97 N. E. 472; City of N. Y. v. Paoli, 202 N. Y. 18, 94 N. E. 1077.

[3] In this situation plaintiff is entitled at his election, to recover on quantum meruit under an implied contract for the value of the services he actually rendered, or for compensatory damages for the loss he sustained by defendants' breach.

The exception should be sustained, and the motion for a new trial granted, with costs to plaintiff to abide the event. All concur.