WESLEY BINTZ, Respondent, *v.* MID-CITY PARK CORPORATION, Appellant.

Third Department, May 16, 1928.

Contracts — breach — action by engineer to recover commissions on contract for planning and erection of swimming pool — contract made with president of defendant corporation — authority of president presumed — proper construction of contract obligated defendant to erect swimming pool — performance was prevented by defendant — plaintiff not prevented from recovering by failure to comply with Education Law, art. 56 — law of damages was established at trial — rule of damages adopted by court is correct.

The plaintiff, a registered engineer, designer and builder of swimming pools, brought this action to recover commissions on a contract which required him to prepare plans and specifications and to receive and open bids, and to generally supervise the work. The defendant agreed to advertise for bids and, as plaintiff claims, to let a contract for the construction of the swimming pool. The plaintiff was paid $250 on signing the contract, $250 on receipt of the plans and specifications, and $500 some time later. The defendant corporation was organized for the purpose of constructing and operating an amusement park, at which means of entertainment, such as swimming pools, dance halls, etc., were to be erected and operated.

Authority of the president of the defendant corporation to execute the contract in question is presumed, since it was a contract that the corporation had power to make, authorize or ratify, and since the making of the contract was in the ordinary line of duty and authority of the president.

The contention of the defendant that the contract did not obligate it to erect a swimming pool, and that there was no breach, is not sustained, for, while the contract does not specifically require the defendant to erect the swimming pool, nevertheless a reading of the entire contract leads to the conclusion that it was the agreement of the parties that the defendant would erect a swimming pool according to plans furnished by the plaintiff, and this conclusion is supported by the fact that several months after the execution of the contract, a small payment was made to the plaintiff thereunder.

The plaintiff did everything that he could do in the performance of the contract. He prepared detailed plans and specifications and presented them to the defendant, and it was the defendant which prevented further performance, since it failed to advertise for bids and let a contract.

The objection by the defendant that the plaintiff cannot recover since he has not complied with article 56 of the Education Law, formerly article 7-A of the General Business Law, has no merit, for the purpose of the statute is to prevent a person from representing himself as a registered architect when he is not.

Both parties moved for a directed verdict. No question as to the measure of damages was raised by the defendant at the trial, and it would seem that the law of the case on damages is established. The question of damages was approached on the trial in a discussion about the admissibility of a letter by the plaintiff to the attorney for the defendant, which apparently was offered in evidence by the defendant on the question of damages and for the purpose of showing that the plaintiff had waived the right to collect three and one-half per cent for supervision. A contrary position cannot be considered on appeal.

However, if the question were before the court, it would hold that the rule adopted by the trial court was correct, that the plaintiff is entitled to recover the amount of his commissions, less the amount for supervision.

HILL and HASBROUCK, JJ., dissent, with opinion.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 26th day of May, 1927, and also from two orders entered in said clerk's office.

*Daniel H. Prior*, for the appellant.

*Murphy, Aldrich & Guy* [*Thomas H. Guy* and *John H. Broderick* of counsel], for the respondent.

VAN KIRK, P. J. The action is to recover damages for breach of contract. Plaintiff is a registered engineer, designer and builder of swimming pools. The defendant is a corporation conducting a pleasure resort. K. B. Hazzard was its president. Plaintiff and defendant entered into a contract, executed for defendant by Hazzard, by which contract the plaintiff was employed to prepare plans and specifications for a swimming pool, with dance hall, balcony and other necessary adjuncts, not later than April 1, 1924; to receive and open bids at such time and place as should be designated by the president; to give general supervision during construction of the work. The defendant agreed to place a competent inspector on the work; to do all advertising for bids and giving out information, plans and specifications as advised by the plaintiff, or as required by law; to do all acts required by law so that bids will be opened for the construction of the pool not later than thirty days after presentation of the plans and specifications; and to pay the plaintiff ten per cent of the entire cost of the pool as follows: $250 on signing of the contract, six and one-half per cent of the cost, less $250, on letting the construction contract, the remaining three and one-half per cent to be paid on completion and acceptance of the pool. The plaintiff prepared and delivered the plans and specifications and on March 17, 1924, the defendant acknowledged the receipt of them. Nothing further has been done toward the performance of the contract, except that plaintiff has been paid $1,000: $250 on signing the contract; $250 on receipt of the plans and specifications, and $500 " several months later." Without explanation the defendant failed to advertise for bids, or to take any steps towards making a contract. Mr. Hazzard died April 1, 1925. Mrs. Hazzard, now Mrs. Sica, testified that there is a swimming pool on the defendant's premises, which was constructed by the Ackley-Mains Company. The defendant granted a concession in its amusement park for this pool; construction of the pool was begun in 1925 and it is there now for operation.

Appellant's first proposition is that plaintiff failed to show that the president, Hazzard, had authority to make the contract. There was no resolution by the board of directors of defendant authorizing its making, but it was a contract such as the corporation had power to make, authorize or ratify; there is no evidence that it was not authorized or ratified; authority is presumed. (*Patterson* v. *Robinson,* 116 N. Y. 193, 200.) Mrs. Sica, president and treasurer of the corporation in 1927, testifies that the corporation operates an amusement park in the town of Colonie, where various forms of recreation are furnished to the patrons — dancing and other enjoyments. A swimming pool, with dance hall, balcony and other adjuncts, is a means of entertainment, ordinarily furnished at such place; and we think that the making of the contract was within the ordinary line of duty and authority of the president of the company. Defendant had within its control the certificate of incorporation and the minutes of the meetings of its board of directors and stockholders; neither is in the record. The trial court was justified in holding that the contract was the contract of the defendant.

Appellant's next proposition is that the contract does not obligate it to erect a swimming pool and, therefore, there was no breach on the part of the defendant. It is true that the contract does not specifically stipulate that the defendant shall build the swimming pool. In its introduction, however, the contract does say: "Whereas the party of the first part is desirous of building a swimming pool" and "Whereas W. Bintz, party of the second part is a registered Engineer (Civil), designer and builder of swimming pools, and more especially the Bintz Swimming Pool * * *: It is hereby agreed * * *." A reading of the contract plainly indicates the intention of the parties to construct a swimming pool. The contract, including the agreement of the defendant to pay plaintiff for his work, demonstrates that a contract was to be made for the construction of the swimming pool, and the payment of $500 some months after the plans were submitted is proof that the defendant so understood the contract. The law requires parties to construe their contracts in good faith.

The third proposition of appellant is that the plaintiff did not comply with the terms of the contract. Plaintiff made and delivered the detailed plans and specifications within the time stipulated in the contract. He did not examine bids; there were none. He could not open bids or further perform until defendant so directed. Plaintiff was not asked to advise the defendant in any respect concerning plans, specifications or bids, nor has defendant informed plaintiff that it was ready to advertise for bids and make a contract. It was the defendant who was to advertise for

bids and give out the information in respect thereto. There is nothing in the contract which placed upon the plaintiff the duty to demand performance of the contract. He had performed all that he was called upon to perform until the defendant had acted.

It was the defendant who prevented performance. " In the case of every contract there is an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part." (*Patterson* v. *Meyerhofer*, 204 N. Y. 96, 100.) One may not employ another to perform service for him at a price fixed and then deliberately prevent the other from performing, without incurring liability; good faith forbids it. (*Carns* v. *Bassick*, 187 App. Div. 280, 284.) The proof in this case establishes that a valid contract was made with plaintiff and that the defendant, without cause, deliberately abandoned it; that there was a breach of the contract on the part of the defendant. (*Zadek* v. *Olds, Wortman & King*, 166 App. Div. 60.)

The appellant's objection that plaintiff had failed to comply with article 7-A of the General Business Law (added by Laws of 1915, chap. 454, as amd. by Laws of 1922, chap. 461; since amd. by Laws of 1924, chap. 244), now article 56 of the Education Law (as added by Laws of 1927, chap. 85), and, therefore, the contract is unenforcible, is without merit. It seems plain that the only purpose of this statute is to prevent a person from representing himself as a registered architect when he is not.

Both parties moved for the direction of a verdict. Neither asked thereafter to go to the jury. All of the questions, then, law and fact, were for the court. It directed a verdict for plaintiff. The defendant then moved to set aside the verdict and for a new trial. The motion was denied. No question as to the measure of damages was raised by defendant at the trial, except as hereinafter mentioned, nor in his brief or argument in this court. No erroneous ruling on this subject was made and none is claimed. It would seem that the law of the case on damages was established. But the question is raised for the first time by a dissent in this court.

The nearest approach to the question is in the discussion about plaintiff's letter to defendant's attorney, which defendant's attorney offered " for the special purpose of showing the construction of the contract as testified by the plaintiff." The comments of the court disclose that it was offered in connection with the amount of damages. The plaintiff's attorney objected to its admission because " the contract speaks for itself." Evidently he desired to recover commissions for the full ten per cent and defendant was insisting that he could not have the three and one-half per cent

mentioned in the contract for supervision and offered the letter as an admission by plaintiff, showing the right construction of the contract. It was, therefore, proper evidence for the court to consider in deciding the question of fact. The defendant's attorney thus took his position and is content; the court approved it. We think a contrary position should not be considered here. " Upon the basis of that ancient maxim of the common law, that ' that to which a person assents is not esteemed in law an injury ' * * * the defendant is in no position to raise this question upon appeal." (*Harrison* v. *Argyle Co.*, 128 App. Div. 81, 84; affd., 198 N. Y. 628.) This comment was made in discussing the rule of damages in that case.

But, if the question were here, we think the rule adopted by the court is correct. Plaintiff was not to be paid according to the time which he worked, but according to the terms of his contract providing for payment. It was a contract to pay him a commission, and the measure of damages, the defendant having abandoned his contract, is the commission which defendant agreed to pay. There is in the case no question of profits upon performance. The only expenses which the plaintiff was to pay were those in connection with supervision and nothing has been allowed for this portion of the contract. What he lost is the six and one-half per cent and this he lost because the defendant did not allow him to perform. (*Zadek* v. *Olds, Wortman & King, supra;* Williston Cont. §§ 1028, 1030, 1358.)

We have examined the exceptions to the admission of evidence offered by plaintiff and find no prejudicial error in any ruling thereon.

The judgment and orders should be affirmed, with costs.

HINMAN and WHITMYER, JJ., concur; HILL, J., dissents, with an opinion, in which HASBROUCK, J., concurs.

HILL, J. (dissenting). Plaintiff is an architect and the designer of the Bintz Swimming Pool, for which a patent is pending. He alleges a breach of a contract made by defendant to employ him to prepare plans for a pool and appurtenances, to receive and open the bids made by contractors, and to oversee and inspect the construction. He was to receive for his services ten per cent of the cost of the structure, payable in installments; $250 on the signing of the contract of employment; six and one-half per cent, less such $250, on letting the construction contracts, the remaining three and one-half per cent on completion and acceptance of the pool. Plaintiff sent one set of plans to defendant. Nothing further was done by either party. No reason for the abandonment

is given. The defendant is a small corporation. The president, now dead, managed it as his personal business.

Plaintiff admits that he has received the first installment of $250 and a further payment of $750. The action was brought for the balance of the commissions which he would have been entitled to receive if the construction contracts had been let and the pool completed. No proof was given as to the value of the services performed, or as to the loss of profits on the unperformed balance. Both parties having moved, a verdict was directed for the plaintiff for the entire amount mentioned in the contract, except the last installment, giving credit for the payment admitted. Apparently this determination was arrived at because of the following statement in plaintiff's letter written to and introduced by defendant's attorney: "Inasmuch as this job will not have any supervision, the $3\frac{1}{2}\%$ would not apply, but the $6\frac{1}{2}\%$ would apply on the estimated cost of the structure." It was offered as an admission by plaintiff at variance with the demand in the complaint and the damages asked on the trial. It was an admission. (2 Wigm. Ev. p. 1217, § 1048.) Defendant was not bound by it. (22 C. J. 420.) The proper measure of damages was the value of the services rendered and the loss of profits on the unperformed balance. (*Jones* v. *Judd*, 4 N. Y. 411; *Witherbee* v. *Meyer*, 155 id. 446; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id. 205; *Zadek* v. *Olds, Wortman & King*, 166 App. Div. 60.) No evidence was offered on such theory.

It is argued that this is analogous to the usual percentage contract made by real estate brokers. The two are easily distinguished.

"A person claiming a commission upon a sale of real estate must show an employment, and that the sale was made by means of his efforts or agency. An owner may employ several brokers for the sale of the same property, and is of course only liable for commissions to the one who effects the sale. And although he employs one or more brokers he may negotiate and sell the property himself without liability to any one for commissions. [*McClave* v. *Paine*, 49 N. Y. 563.] The undertaking of the broker is to make efforts to procure a purchaser, but if he fails he is entitled to no pay unless there is a special contract." (*Sussdorff* v. *Schmidt*, 55 N. Y. 319, 321.) If inspection and superintendence are included in an architect's contract, a lien may be filed for the labor on the building. (*Stryker* v. *Cassidy*, 76 N. Y. 50; *Spannhake* v. *Mountain Construction Company*, 159 App. Div. 727; *Swasey* v. *Granite Spring Water Co.*, 158 id. 549; *Thompson-Starrett Co.* v. *Brooklyn Heights Realty Co.*, 111 id. 358.)

The structure proposed contained patentable features and devices. Obviously more than the one set of plans forwarded

was necessary for distribution to proposed bidders to permit them to formulate their estimates. Defendant had no knowledge of the construction of the proposed patented structure. It was specially designed by plaintiff, who had technical knowledge of its details. He knew, and could advise defendant, whether economically it was wise to let the construction to one general contractor, or to independent contractors equipped to do the several kinds of work. Such services by plaintiff would tend to reduce the construction cost. He was to receive a substantial sum of money, and this contract, prepared by him, was " 'instinct with an obligation' imperfectly expressed " (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91) to be fulfilled by him. No tender of performance on plaintiff's part is proven, except the mailing of one set of made-over, form plans from his office. It does not appear that all the acts precedent had been done by him to warrant a recovery for breach of the contract. (*Vandegrift* v. *Cowles Engineering Co.*, 161 N. Y. 435.)

Defendant's motion for dismissal upon the ground that a cause of action had not been proven, and for a new trial on grounds mentioned in section 549 of the Civil Practice Act raised both of the above questions. (*Lesin* v. *Shapiro*, 147 App. Div. 100; *Matter of Brand*, 185 id. 134; *McNeil* v. *Cobb*, 186 id. 177; *Gangi* v. *Fradus*, 227 N. Y. 452.)

I vote for reversal.

HASBROUCK, J., concurs.

Judgment and orders affirmed, with costs.