WESLEY BINTZ, Appellant-Respondent, *v.* CITY OF HORNELL, Respondent-Appellant.

Fourth Department, March 7, 1945.

*W. Earle·Costello* for appellant-respondent.

*Albert E. Hollis* for respondent-appellant.

DowLING, J. On August 29, 1938, the plaintiff and " Ernest G. Stewart, Pres. D. P. Works, City of Hornell, N. Y." entered into an agreement whereby the plaintiff undertook to deliver plans and specifications for the installation of a Bintz Patented Swimming Pool, Patent No. 1,572,465, within fourteen days. The plaintiff also agreed to fill out forms for the procuring of a Federal grant to be used " in the building and equipping of this project." The agreement provided that the " owner ", hereinafter referred to as the City, was to receive and open bids for the construction and equipping of the pool not later than      days after receipt of the plans and specifications. The plaintiff agreed to give general supervision during the construction and equipping of the pool. Mr. Stewart agreed to return all the plans and specifications, save one copy, or pay to the plaintiff $100 per set for those not returned. Mr. Stewart agreed that the plaintiff could place a bronze plate on the finished structure bearing such an inscription as he desired as was his custom on the installation of Bintz Patented Swimming Pools. For his. services, Mr. Stewart agreed to pay to the plaintiff 6% on the total construction and equipment costs and " for permanent license to operate a Bintz Patented Pool ", 9% on the total construction and equipment costs. Two hundred fifty dollars was payable on the signing of the agreement. The plaintiff also agreed to have the plans· and specifications approved by the New York State Board of Health. Except for the $250, the moneys were payable in installments upon moneys becoming available to build " a swimming pool ". The plaintiff delivered to the City four sets of the plans and specifications.

Under a resolution of the Common Council adopted August 26, 1938, the Department of Public Works was authorized to empower the plaintiff to prepare the necessary papers and to

make an application to the P.W.A. for a grant for the construction of a " Bintz pat. pool in Hornell, N. Y." The plaintiff prepared the necessary papers and application was made to the P.W.A. for a Federal grant. Copies of the plans and specifications of a Bintz Patented Swimming Pool accompanied the application. The plaintiff also procured the consent of the New York State Board of Health for the construction of a Bintz Patented Swimming Pool in Hornell.

On September 16, 1938, the Common Council adopted a resolution which provided, in part:

" 2. That a Bintz Patent Swimming Pool be constructed at Maple City Park in said City, and there is hereby appropriated to pay the cost thereof the sum of not exceeding $28,000, and in addition thereto, the amount of the grant if and when made from the United States of America.

" 3. That the estimated cost of said improvement is $50,435.40, and that the probable life of said improvement is fifteen years."

On September 27, 1938, the Common Council adopted a resolution submitting the following proposition to the voters: " Shall a Bintz Patent Swimming Pool be constructed at Maple City Park as a Public Works Administration project, if a Grant Agreement is entered into with the United States of America, and shall bonds of said City be issued in the amount of not exceeding $28,000.00 to pay the portion of the cost of said improvement to be borne by said City ".

The proposition was duly submitted to the resident taxpayers of Hornell and was defeated by a vote of three to two. The P.W.A. disapproved the proposed Bintz Patented Pool as a Federal project. The City returned one set of the plans and two sets of the specifications to the plaintiff.

Agitation for the construction of a swimming pool persisted in Hornell. The Common Council adopted a resolution for a referendum. The resident taxpayers approved and bonds in the amount of $35,000 were issued as of July 1, 1939, to pay construction costs. The City, without any assistance from the plaintiff, and without using the plaintiff's plans and specifications, constructed a sunken swimming pool in one of its parks at a cost of $35,219.25.

Upon the rejection of the proposition to build a Bintz Patented Swimming Pool by the taxpayers of Hornell, the City notified the plaintiff of the result. On November 7, 1938, the plaintiff wrote to the City saying, in substance, that his estimate of the cost of the pool was " purposely from 5% to 10% high " and that his contract required the City to pay him when moneys

became available to build a swimming pool, not a Bintz swimming pool. This was the first time the plaintiff made such claim.

On August 20, 1942, the plaintiff presented a claim based upon his agreement with a notice of intention to sue. The claim was for 15% of $50,000 or of $50,435.40, the estimated cost of the Bintz Patented Swimming Pool, plus $300 for the three sets of plans and specifications not returned, less $250 paid, amounting to $7,315.31, or 15% of the actual cost of the pool as constructed, plus $300 for the three sets of plans and specifications not returned, less $250 already paid. The City disallowed the claim and this action followed.

The action is to recover damages for breach of the agreement of August 29, 1938. The plaintiff demanded judgment for $7,315.31, based on allegations similar to those contained in his claim as above set forth. The City answered admitting the making of the agreement of August 29, 1938, and that the plaintiff entered upon the performance of the agreement, that the defendant is indebted to the plaintiff in the amount of $300 for three sets of plans and specifications not returned, that the City paid to the plaintiff the sum of $250 under the agreement. The City denied due performance by the plaintiff, denied that it was indebted to the plaintiff or that it had breached the agreement. For complete and separate defenses, it alleged, in substance, that the contract was conditioned on the City's procuring a Federal grant, that the City performed the agreement on its part, that it paid the plaintiff in full for all sums due him under the agreement, that the agreement called for the construction of a Bintz Patented Swimming Pool and that the City did not construct that kind of pool.

The issues were tried before Mr. Justice WHEELER and a jury. At the close of the evidence both parties moved for direction of verdict on stated grounds. Neither party requested to go to the jury on any question of fact. The court discharged the jury and reserved decision on the motions.

Justice WHEELER decided that the defendant had adopted and ratified the agreement, that the plaintiff had performed it so far as he was able, that the City had breached the agreement, that moneys became available to build a swimming pool on October 5, 1939, and that the plaintiff was entitled to recover 6% of the estimated cost of construction of the Bintz Patented Swimming Pool, that he was not entitled to recover 9% thereon for use of his license, that that provision of the contract was severable. Judgment was entered for $3,565.31. The plaintiff appealed from so much of the judgment as denied recovery of

the 9% item and the defendant appealed from each and every part of the judgment.

We may reverse or modify a judgment although no motion for a new trial was made. (Civ. Prac. Act, § 608; *People* v. *Davis*, 231 N. Y. 60; *Miller* v. *Brooklyn Heights R. R. Co.*, 173 App. Div. 910; *Middleton* v. *Whitridge*, 213 N. Y. 499, 504; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89, 96.)

The plaintiff, so far as appears, prior to and at the time of the making of the agreement, mentioned only a Bintz Patented Swimming Pool. The City and its officers had a right to assume that a Bintz Patented Swimming Pool was the only kind of pool involved in the negotiations and the agreement. " A party has no right to induce another to contract with him on the supposition that his words mean one thing while he hopes the court will adopt a construction by which they would mean another thing more to his advantage." (*Potthoff* v. *Safety Armorite Conduit Co.*, 143 App. Div. 161, 163, 164.)

The plaintiff prepared the agreement on one of his forms, hence it should be construed most favorably to the City. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187, 196.) The agreement does not obligate the City to build a swimming pool. One of the whereas clauses recites the owner is desirous of building a Bintz Swimming Pool. Recitals are not strictly any part of a contract but they may have a material bearing on the construction of a contract. (*Burr et al.* v. *Amer. Spiral Spring Butt Co.*, 81 N. Y. 175, 178.) Lack of mutuality renders an agreement void. (*Cook* v. *Casler*, 87 App. Div. 8, 10.) In a proper case an inference of an agreement may be warrantable. (*Simon* v. *Etgen*, 213 N. Y. 589, 595.) Such an inference is not warrantable here. In the case of *Bintz* v. *Mid-City Park Corporation* (223 App. Div. 533) such an inference was drawn. That case is clearly distinguishable.

There is evidence to support the finding that the City ratified the agreement. We think the agreement should be construed to mean that only a Bintz Patented Swimming Pool was contemplated by the parties. We think that was the plain intent of the parties and the evidence is to that effect. (*Fleischman* v. *Furgueson*, 223 N. Y. 235, 239.) To carry out the intent of a contract words may be rejected or supplied to make its meaning more clear. (*Potthoff* v. *Safety, Armorite Conduit Co.*, 143 App. Div. 161, 163; *Wolkind* v. *Berman*, 232 App. Div. 47, 50; *Knapp* v. *Simon*, 17 Jones & Sp. 17, 27, revd. on other grounds in 96 N. Y. 284.) In construing a contract " there is no magic in particular words ". (*Jackson* v. *Topping*, 1 Wend. 388, 397.) In the

clause, article 12 of the agreement, now relied on by the plaintiff and providing for payment to him of " One thousand and no/100 Dollars ($1,000.00) upon moneys becoming available to build a swimming pool ", there should be interpolated after the indefinite article " a " the words " Bintz Patented ". That clause was in black-faced type as used in the form while the insertions were in purple-faced type. There is a repugnancy between that clause and other clauses of the contract in purple-faced type. This being the case, the purple-faced typing must control. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310, 322.)

The plaintiff should not now be permitted to claim, after the agreement has been made, that he is entitled to commissions on whatever kind of pool was constructed by the City. If he had such a claim in mind, good faith required that he disclose such intention before the agreement was made and ratified.

If we are wrong in our position, the evidence of the plaintiff given on cross-examination, demonstrates that the agreement was not to become effective unless a grant was obtained from the Federal government and the proposition to build a Bintz Patented Swimming Pool was approved by the resident taxpayers of Hornell. Both conditions failed to materialize. The taxpayers rejected the proposition and the Federal government refused to make a grant of funds. Moreover, the testimony of the plaintiff shows conclusively that the agreement was delivered to and accepted by him on these conditions. If either condition failed the agreement was at an end. (*Benton* v. *Martin*, 52 N. Y. 570, 574, 575; *Smith* v. *Dotterweich*, 200 N. Y. 299, 306.) Conditional delivery may be proved by parol evidence. (*Grannis* v. *Stevens*, 216 N. Y. 583, 587; *Reynolds* v. *Robinson*, 110 N. Y. 654; *Juilliard* v. *Chaffee*, 92 N. Y. 529, 535.)

We think Justice WHEELER properly disposed of the plaintiff's claim insofar as he denied recovery on the 9% item for license to operate a Bintz Patented Swimming Pool. That item of the agreement was severable. (*Dowley* v. *Schiffer*, 13 N. Y. S. 552, 553.) Moreover, a Bintz Patented Pool was not constructed and no license for the construction of such a pool was tendered to the City.

The judgment should be modified on the law and facts by reducing the recovery to $300, with interest. Certain findings of fact should be disapproved and reversed and new findings should be made, and the judgment as modified should be affirmed, without costs.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LOVE, JJ.

Judgment modified on the law and facts by reducing the recovery to the sum of $300, with interest, and as modified affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed and new findings made.