HEATING MAINTENANCE CORPORATION OF NEW YORK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31902.)

Court of Claims, June 10, 1954.

*Samuel L. Greenberg* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Edward Book-stein* of counsel), for defendant.

LAMBIASE, J.   Claimant, on or about the 9th day of May, 1950, entered into a written contract with the State of New York, the latter acting by and through the Department of Education, wherein and whereby it agreed to furnish the material and to perform the labor required and necessary " for Heating Work For Industrial and Technical Building, Building No. 63, as shown on the drawings or specified, at the

Long Island Agricultural and Technical Institute, Farmingdale, Long Island, New York, in accordance with Specification No. 14292 and Addendum No. 1 dated March 24, 1950.''

The motion papers in the motion for severance, reference to which is hereinafter made, indicate that on May 19, 1953, claimant received from the State of New York a check in the sum of $15,602.38 dated May 15, 1953, and that under date of May 19, 1953, claimant caused this check to be returned to the Department of Public Works of the State of New York '' because the contract alleged in the claim herein contains a clause to the effect that acceptance of the final payment would be a release to the State of New York by the claimant of any and all claims which it might have under the contract in question ''.

Two causes of action are alleged in the claim as filed, the first being for the balance admittedly due upon the completion of the afore-mentioned contract, and the second being set forth in the claim as follows: '' 12. That in the performance of said contract claimant, its agents, servants and employees, was ordered and directed by the State of New York, its agents, servants and employees and over the protests of the claimant and contrary to the terms and requirements of said contract and specifications, to insulate certain plenum chambers. 13. That by reason of the foregoing claimant has been damaged in the sum of $2,951.78 which has not been paid or compensated for by the State of New York.'' Claimant seeks interest on both causes of action from May 15, 1953, and the State has not raised any question as to that being the date from which interest is to be computed should interest be awarded to claimant.

A motion for severance of the two causes of action was made and granted, and an order dated June 18, 1953, severing the same was filed in the office of the clerk of the Court of Claims on June 19, 1953. Thereafter the first cause of action was tried, and judgment in the sum of $15,602.38 in favor of the claimant was rendered, entered, and paid, the question of interest on said sum, however, being reserved until trial of the second cause of action, with which cause of action we are now concerned.

The question before us as to the second cause of action is whether or not the insulation of the plenum was part of the work contemplated and covered by the contract.

The contract papers in pertinent part read as follows: '' Amendments to Section 30b — Ventilation Work In-

CLUDED — * * * *Article 3054 — Housing Chamber — 15. Partitions* Each fresh air inlet duct, between connection to supply louvre and coil chamber, (and including entire coil chamber) shall be of a single thickness of No. 24 gauge galvanized iron insulated on top, bottom and sides with 1″ of 85% magnesia block insulation held in place by means of No. 18 B. & S. gauge annealed iron wire spaced 16 inches apart.'' Drawing 48–2012A, shows, among other things, the so-called plenum detail and the so-called duct openings.

It is contended by the State of New York that the insulation of the plenum is covered by the contract papers and particularly by the above-quoted provision, and that it, therefore, was to be provided by claimant. On the other hand, it is the contention of the claimant that the contract papers, including said provision, do not provide for such insulation.

It seems to us that the contract papers in evidence could have been made more definite and certain on the point of the insulation of the plenum by the use of specific language.

The State of New York ordered and directed that the insulation of the plenum be done by claimant, and it was done by it under protest. The reasonable value of the same was established by claimant as being the sum of $2,683.44 (reduced from the sum of $2,951.78 alleged in the claim), which amount is not questioned by the State of New York as being the reasonable value of the same.

In construing the agreement and contract papers in question, the same rules of construction are applicable as between individuals. (*Jackson* v. *State of New York,* 210 App. Div. 115, affd. 241 N. Y. 563; *People ex rel. Graves* v. *Sohmer,* 207 N. Y. 450, reargument denied 208 N. Y. 581, and cases cited therein.) If the language used is capable of more than one construction, the court must resolve all doubts against the person who uses the language and most beneficially to the promisee. And in such case, though the words used cannot be said in a strict sense to be the words of one party any more than of the other, still the party preparing the instrument, having chosen the words employed in the writing, must be held to a strict interpretation of them rather than the other party who merely accepts them; and if there is doubt as to the meaning, the party preparing the instrument is responsible for it as the language is wholly his own. '' The reason of the rule '', says MARTIN, J., '' that the language of an instrument is to be construed against the person who proposes it rather than against the person who is invited to accept it, is that men are supposed

to take care of themselves, and that he who chooses the words by which a right is given, ought to be held to the strict interpretation of them, rather than he who only accepts them.'' (*Gillet* v. *Bank of Amer.,* 160 N. Y. 549, 555.)

The State prepared the entire contract herein on its own forms, and all reasonable doubts as to the meaning thereof are to be resolved against it, as it is responsible for the language used and the uncertainty thereby created. (*Moran* v. *Standard Oil Co. of N. Y.,* 211 N. Y. 187; *Bintz* v. *City of Hornell,* 268 App. Div. 742, and cases cited, affd. 295 N. Y. 628.) Such, therefore, is the rule of construction to be applied by us herein in our consideration of the agreement and of the contract papers.

Under the circumstances herein the admission of evidence of trade usage and custom in the business to which the transaction at hand relates was proper. Such evidence of trade usage and custom — that the so-called plenum was not a part of the duct —, it appears, was well established at the times mentioned herein, and a person of ordinary prudence in the exercise of reasonable care would have been aware of it; and the State of New York, its officers and employees knew or should have known of its existence.

Upon the record we conclude that the plenum was not to have been insulated under the contract.

The second cause of action alleged in the claim seeks a recovery on the theory of a breach of contract by the State and its representatives, a theory chosen by claimant because it was unjustifiably required to insulate the plenum in spite of its protests. We are of the opinion that claimant is entitled to recover on that theory. *Borough Constr. Co.* v. *City of New York* (200 N. Y. 149, 157), which is authority for the general rule that where a municipal representative, without collusion and against the contractor's opposition, requires the latter to do something as covered by his contract, and the question whether the thing required is embraced within the contract is fairly debatable and its determination surrounded by doubt, the contractor may comply with the demand under protest and subsequently recover damages even if it turns out that he was right and that the thing was not covered by his contract.

We, therefore, award claimant on the second cause of action the sum of $2,683.44, with interest thereon from May 15, 1953; and in the light of that award we conclude that claimant is entitled to an award against the State of New York, and we

make an award to claimant against the State of New York for the interest from the 15th day of May, 1953, to June 30, 1953, on the amount of $15,602.38, heretofore awarded on the first cause of action, judgment in that amount having been duly entered on said June 30, 1953.

The foregoing constitutes the written and signed decision upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.