Chables A. Lobeto, J.
Motion for summary judgment. The action is one for specific performance of a contract to sell realty to plaintiff.
A printed form of binder signed by the parties, apparently complete in its essential terms, is annexed to the papers. The defendants’ answer alleges as affirmative defenses (1) that it was intended merely as a preliminary agreement and a formal contract was to be executed at a later date, and (2) that the alleged agreement is not complete in its terms, particularly as to the third purchase-money mortgage.
The arguments on these two defenses need not be considered and decided on this motion, for the answering affidavit of one of the defendants (the two defendants are husband and wife) states that this is the only piece of realty they own and that at the time the binder was presented to them “ We did not want to sign the said agreement but merely offered a simple receipt for his deposit telling him that we would not sign anything without our attorney’s approval. Mr. Zirman, however, insisted that the binder agreement was merely for the purpose of proving that he was interested as a serious buyer and that the formal contract would be worked out later in the office of our attorney and that if our attorney or we did not like the final terms, there would simply be no contract and no deal. ’ ’
This matter constitutes a condition precedent to making the agreement operative, which apparently was not accomplished (Fadex Foreign Trading Corp. v. Crown Steel Corp., 272 App. Div. 273; Bintz v. City of Hornell, 268 App. Div. 742, affd. 295 N. Y. 628; Thomas v. Scutt, 127 N. Y. 133, 137, 138).
Although this matter is not pleaded as a defense, it is sufficient to defeat this motion. Since this is an equitable action, a motion to amend the pleadings should be allowed if made; and the defense would be sufficient if sustained on the trial. The motion is, therefore, denied.