ABBOTT A. GERVIS, Respondent, *v.* VAN R. HALSEY and Others, Copartners Doing Business under the Firm Name and Style of C. D. HALSEY & COMPANY, Appellants.

First Department, March 12, 1937.

*Carroll G. Walter* of counsel [*William B. Denton* with him on the brief; *Patterson, Eagle, Greenough & Day,* attorneys], for the appellants.

*Samuel E. Harwitz* of counsel [*Abram F. Sackheim* with him on the brief; *Alexander Slater,* attorney], for the respondent.

GLENNON, J. The plaintiff, Abbott A. Gervis, commenced this action in equity against the defendants C. D. Halsey & Company, for an accounting on October 16, 1936. The defendants are stock-brokers and members of the New York Stock Exchange. Plaintiff was one of their customers.

The facts alleged in the complaint are in substance as follows: On May 7, 1930, plaintiff instructed the defendants to sell " short " 200 shares of Radio Corporation of America at a price of fifty-two dollars per share. The brokers failed and neglected to execute the order. Plaintiff made a claim for damages. On June 17, 1930, his claim was adjusted and compromised by plaintiff's agreement to accept, and defendants' agreement to pay, the sum of $933.33. The brokers thereupon credited plaintiff's account with this amount and plaintiff accepted the credit in compromise of his claim against them. It is further alleged that defendants thereafter and until December 1, 1930, rendered statements of account to plaintiff which were inaccurate and improper, in that defendants " improperly, wrongfully and without justification withheld the credit of $933.33 * * * and that the plaintiff disputed and protested the accuracy thereof and rejected the same." The complaint then contains an allegation to the effect that plaintiff demanded that defendants account, and that defendants refused.

The defendants in their moving affidavits have set forth facts which lead to the conclusion that the action is barred by the Statute of Limitations. In their affidavits defendants show that on May 7, 1930, plaintiff gave them an order for a " short " sale for his account, and that he canceled the order six minutes later. He made a claim against the brokers for their failure to execute the order within that period of time, and threatened to bring suit. In order to avoid the annoyance and expense of a lawsuit, the defendants agreed with the plaintiff that they would pay one-third of the loss which plaintiff asserted he sustained, provided the New York Stock Exchange would sanction and approve the arrangement.

The defendants, as brokers, naturally were subject to all of the rules and regulations promulgated by the New York Stock Exchange. Likewise, the plaintiff, who had signed a customer's agreement, was bound by the rules and regulations. The defendants, in anticipation of the approval by the Exchange authorities, credited plaintiff's account with the sum of $933.33, the amount of the compromise. They thereupon took up the matter with the Exchange. On June 26, 1930, defendants received a letter from the Stock Exchange disapproving the compromise for the reasons therein stated. The defendants thereupon withdrew the credit from plaintiff's account, and notified him in writing of that fact on June 27, 1930.

The defendants, at plaintiff's request, made a further application to the Exchange for the approval of their arrangement with the plaintiff. They received a letter in reply to the effect that the Exchange refused to ratify. A copy of the second letter was sent to the plaintiff on July 21, 1930.

Commencing in July, and up to and including December 1, 1930, statements of account were rendered to plaintiff from which this credit was omitted. The last statement dated December 1, 1930, showed a balance in favor of the plaintiff of fifty-five dollars and thirty cents. This amount was paid to plaintiff and " accepted by him."

Plaintiff in December, 1931, instituted an action against the defendants in the City Court. In his complaint in that action he alleged that his claim for damages, resulting from the non-execution of his order to sell on May 7, 1930, had been compromised for the sum of $933.33 in June, 1930, and that defendants refused to pay that amount. A motion made by plaintiff in that action for summary judgment was denied in December, 1931. The action was dismissed for failure to prosecute in September, 1936. It must be remembered, as we stated at the outset, that this action in equity was not commenced until October 16, 1936. The dates are important.

The claim of the plaintiff in this action is that the Statute of Limitations did not commence to run until December 1, 1930, when defendants rendered to him their final statement of account. The facts disprove his contention. Plaintiff's cause of action arose on June 27, 1930, when he was notified that the New York Stock Exchange refused to approve the adjustment of his claim against defendants, and that the defendants on that date were withdrawing the credit. Even though we were to assume that the matter was not definitely closed on June 27, 1930, and that the statute was tolled, in view of the circumstance that defendants made a second application for the approval to the New York Stock Exchange, plaintiff's cause of action would have accrued at the latest on July 21, 1930.

It is idle for the plaintiff to argue that because of the fact that he had other dealings with the brokers and accounts were rendered to him by them up to and including December 1, 1930, the Statute of Limitations did not commence to run until that date. The plaintiff's present action relates to a single transaction which was settled in June, or at the latest, July, 1930.

That our conclusion is correct is evidenced by the fact that in the City Court action plaintiff asserted that his cause of action accrued on June 17, 1930, which is the date upon which the com-

promise agreement was actually reached. It thus appears that any action at law is barred by the six-year Statute of Limitations.

The plaintiff, however, claims that the ten-year statute (Civ. Prac. Act, § 53) applies, since this is an equity action. Clearly, the underlying purpose of this action is to recover upon an express contract obligation. The fact that plaintiff has chosen to frame his complaint in equity does not of itself call for the application of the ten-year Statute of Limitations. In *Keys* v. *Leopold* (241 N. Y. 189) Judge ANDREWS wrote:

" For the purposes of this case we shall assume that the complaint states a cause in equity for an accounting. We shall assume also that, as respondent claims, the action is governed by section 15, subdivision 2, of the Civil Practice Act and that the time within which it must be begun is to be computed from 1916 when a demand was actually made. The question still remains, however, whether the basis of the action is to recover upon a contract obligation or liability express or implied, or damages for an injury to property controlled by the six years' statute under section 48, or whether this is an action the limitation of which is not specifically prescribed and, therefore, one that must be commenced within ten years under section 53. The mere fact that this is an action for an accounting is not determinative of this question. When a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former. (*Rundle* v. *Allison*, 34 N. Y. 180.) Nor is the fact that the defendants received this money in a fiduciary capacity and may, therefore, hold it under such a trust as the law may imply for the purposes of justice. (*Mills* v. *Mills*, 115 N. Y. 80.)

" Our construction of the complaint answers the question. It states facts on which a recovery might be had at law. That the plaintiff was ignorant of what precisely she was entitled to claim is immaterial. There are remedies provided for such a situation. We hold that under Civil Practice Act, section 48, this action should at least have been begun within six years after 1916."

We conclude therefore, that the plaintiff's action is barred by the Statute of Limitations, and that his complaint should have been dismissed.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.