THOMAS F. CURLEY, as Receiver of the SEABOARD TRADING COMPANY, Plaintiff, v. ALBERT L. SMITH and Others, Defendants.

Supreme Court, Special Term, New York County, April 28, 1938.

*Samuel Robert Weltz* [*Benjamin M. Franklin* of counsel], for the plaintiff.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Ralph M. Carson* and *John D. Hyde* of counsel], for the defendants Albert L. Smith and others.

*Cravath, de Gersdorff, Swaine & Wood,* for the defendant E. Allan Reinhardt.

*Sullivan & Cromwell,* for the defendants Rothschild and Hall.

WASSERVOGEL, J. The complaint herein sets forth three substantially similar causes of action against each one of four stockbrokers, the first being based on the provisions of section 15 of the Stock Corporation Law; the second on section 274 of the Debtor and Creditor Law, and the third on subdivision 5 of section 60 of the General Corporation Law.

Plaintiff claims that Born, the president of the corporation of which he is now receiver, caused corporate moneys to be transferred to defendants (between 1927 and 1929) in payment of personal debts of Born, at a time when the corporation was indebted to one Anness; that Anness reduced the corporation's indebtedness to him to judgment in 1933, and, after execution was returned unsatisfied, obtained the appointment of plaintiff as permanent receiver of the corporate debtor in 1937. Plaintiff in effect seeks (a) to set

aside the alleged fraudulent diversion of the corporate property by its president Born, and (b) compel the defendants who received such property without paying any consideration therefor to account to plaintiff as receiver of the corporation.

Defendants move to dismiss the complaint on the grounds (1) that it appears on the face thereof that the allegations therein stated as a first cause of action are insufficient, and (2) that all of the alleged causes of action did not accrue within the time limited by law for their commencement, contending that the six-year Statute of Limitations imposed by subdivision 1 of section 48 of the Civil Practice Act is applicable to the facts as pleaded. Plaintiff maintains that the ten-year period, section 53 of the Civil Practice Act, reserved for actions in equity, is applicable because this action is based upon fraud, and seeks an accounting. Examination of the complaint, however, indicates that the charge of fraud may be applied against the director who misapplied the funds, but may not be applied to defendants, who, perhaps negligently, received the funds.

Subdivision 5 of section 48 of the Civil Practice Act provides: " Any action to procure a judgment on the ground of fraud. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

To come within the scope of this section, the action must be based upon actual and intentional fraud of defendants. (*Pitcher* v. *Sutton*, 238 App. Div. 291.)

The first cause of action based on section 15 of the Stock Corporation Law is governed by the six-year Statute of Limitations, as the corporation could have recovered for the injury to its property either in an action at law for conversion against Born, the president, or in an action at law for money had and received against defendants. (*Quintal* v. *Kellner*, 264 N. Y. 32.) Actions for money had and received are governed by the six-year limitation imposed by subdivision 1 of section 48 of the Civil Practice Act, and it is well established that an action to recover moneys received by a defendant under a duty to pay over forthwith is barred by the lapse of six years from the date of the receipt of the money regardless of any demand. (*Mills* v. *Mills*, 115 N. Y. 80; *Gervis* v. *Halsey*, 250 App. Div. 297.)

The six-year period of limitation also applies to such an action to the exclusion of the ten-year period reserved for actions in equity generally, irrespective of what the form of the action may be, where the remedies at law and in equity are concurrent. (*Keys* v. *Leopold*, 241 N. Y. 189.) This principle has been followed by the

Court of Appeals in *Potter* v. *Walker* (276 N. Y. 15), where that court held the legal quality of the cause of action causing it to be barred by the six-year Statute of Limitations is not altered by special circumstances requiring the action to be cast in equity. It, therefore, appears that the first cause of action is based upon the receipt of money paid under an alleged immediate duty to pay over to plaintiff more than eight years before the service of the summons, and is, accordingly, barred.

The third cause of action is brought under subdivision 5 of section 60 of the General Corporation Law to set aside the transfer of moneys paid by Born, as president of the corporation, to defendants, who, it is claimed, had knowledge of the fact that it was the money of the corporation which Born was using. The six-year Statute of Limitations which would govern an action at law in conversion is applicable to this cause of action, and the statute commenced to run as of the date of the conversion. Accordingly, this action is likewise barred.

The second cause of action is brought pursuant to the provisions of section 274 of the Debtor and Creditor Law, and seeks the relief provided for in subdivision (a) of section 278 thereof. An action under this subdivision may be maintained before the creditor has obtained judgment, and is essentially an action in equity. (*American Surety Co.* v. *Conner*, 251 N. Y. 1.) The ten-year Statute of Limitations is applicable thereto and commences to run from the date of the alleged fraudulent conveyance. As a result it appears that certain of the payments alleged in this cause of action would be barred and others would not.

Motions of defendants Rothschild and Hall to dismiss complaint as against them granted in all respects.

Motions of defendants Edward P. Smith & Company and E. Allan Reinhardt granted to the extent of dismissing as to them the first and third causes of action.

The alternative motions to separately state and number and make the complaint more definite and certain are denied. Settle order.