16 N.J. Super. 280 (1951)
84 A.2d 482
ROTHMAN REALTY CORP., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
RAY V. MacLAIN AND ARTHUR WARREN MACK, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 1, 1951.
*281 Mr. Warren Dixon, Jr., attorney for plaintiff.
Mr. Abram A. Lebson, attorney for defendants.
GRIMSHAW, J.S.C.
Plaintiff is a corporation engaged in the real estate business in Bergen County. Both defendants were salesmen employed by the plaintiff under a contract which reads as follows:
"In consideration of employment by the Rothman Realty Corp., I * * * agree and covenant that in the event I separate myself, *282 or am discharged, and no longer remain active in organization, that I shall not remove or make use of any sales or rental listings gained while in said employment, or secured by my own efforts and solicit any prospects or listings secured through my association with this firm. Further, I, as an employee covenant not to engage in the real estate business for a period of one year after the date of my termination of employment with the Rothman Realty Corp., within Bergen County, State of New Jersey.
Further, I, as an employee, in consideration of employment, do hereby agree that I shall be duly liable for any representations or misrepresentations that I make in the sale, rental or negotiation of any real estate. That I as salesman for the firm of Rothman Realty Corp., shall devote my entire time, skill, labor and attention for said employment during the time that I shall be employed by the Rothman Realty Corp.
The employee shall receive a commission of 40% on the net commissions of the transactions which are consummated through the direct efforts of the salesman. Any percentage of the commission is payable only when and if the title is passed or the lease is signed, or fully earned. The employer may terminate this contract of employment at any time, upon the payment to the employee what is coming to him on the evening of the day of his actual termination.
The employer shall be the sole judge of what the salesman is entitled to, on the termination of this contract. Any advancements to the salesman by the Rothman Realty Corp., towards commissions, should be in the form of a loan and repayable upon demand of the employer."
Defendant MacLain severed his connection with the plaintiff on September 15, 1950. Mack's employment ended on October 15, 1950. Immediately following the severance of his relationship with the plaintiff, each of the defendants became associated with a rival concern doing business in Bergen County. Plaintiff thereupon sought an injunction restraining the defendants from violating the covenant in the contract under the terms of which they had agreed not to engage in the real estate business in Bergen County for one year following the termination of their employment by the plaintiff. Upon an appropriate showing the injunction was granted.
It appeared, however, that at the time defendants left plaintiff's employ there were pending several contracts for the sale of real property which had been negotiated by the defendants but which had not been consummated by the *283 passing of title. Therefore, the injunction was conditioned upon the payment by the plaintiff to the defendants of the commissions which would have been due had defendants' employment not ceased. The payment was made with a reservation of plaintiff's right to dispute defendants' title to these commissions. MacLain received $1,400. Mack was paid $640. Defendants' right to retain these commissions is the matter for determination.
Ordinarily the right of a broker to commissions is complete when he has procured a purchaser able and willing to conclude a bargain on the terms on which the broker was authorized to sell. The broker may, however, by special agreement, make his right to compensation dependent on a contingency which his efforts cannot control. Such a contract is binding and no action can be maintained until the contingency has arisen. Hinds v. Henry, 36 N.J.L. 328 (Sup. Ct. 1873); Lippincott v. Content, 123 N.J.L. 277 (E. & A. 1939).
In the contracts of employment under which defendants worked, it was provided that they would be entitled to 40 per cent of the net commissions on transactions consummated through the direct efforts of the defendants. The payment of such commissions was made dependent on the passing of title. Since title has passed, defendants would ordinarily be entitled to receive payment of their commissions.
It appears, however, that in the interval between the execution of the contract for sale and the closing of title, defendants left the employ of the plaintiff and, in violation of the restrictive covenants, engaged in the real estate business with another concern. And plaintiff argues that since defendants broke their contract they may not recover commissions earned under the terms of that contract. In a word, plaintiff maintains that the contract is entire and, being in default, defendants may not recover any commissions due under the contract.
Whether or not a contract is entire depends upon the intention of the parties. It is a mixed question of law *284 and fact. A contract is entire when the promise of one party is conditional on entire performance by the other. It is divisible when the part to be performed by one party consists of several distinct and separate items respecting which the consideration is apportioned to each item or is left to be implied in law. Dixon v. Smyth Sales Corp., 110 N.J.L. 459 (E. & A. 1933).
Measured by the above standards, the contract under consideration must be determined to be divisible. It cannot be seriously argued that defendants' right to share in the commissions arising from particular transactions was in any way dependent upon the observance by them of the restrictive covenant in the contract. Such an interpretation would bar the defendants from receiving any compensation at all until after the expiration of one year following the severance of their relations with the plaintiff. The mere statement of such an argument answers it.
In my opinion the defendants were entitled to commissions on each transaction in which they were involved immediately upon the consummation of that transaction. It follows, therefore, that there must be judgment in favor of the defendants for commissions on contracts of sale where title has passed. As to contracts still pending, defendants have no present right to commissions.