Abraham N. Geller, J.
Plaintiff, Gerald L. Brockhurst, a renowned portrait painter and artist, brings this action to recover from the defendant, Clendenin J. Ryan, the sum of $17,000, alleging that the defendant agreed to pay plaintiff that sum for painting three portraits and that defendant has breached his agreement. The action was tried before the court without a jury.
Defendant brought a third-party action against M. Knoedler & Co., Inc. (hereinafter referred to as “ Knoedler ”), a firm of fine art dealers, claiming that the agreement for the portraits here involved was made with Knoedler and not the plaintiff and that defendant was released by Knoedler from any liability thereon. The third-party complaint was dismissed at the close of the defendant’s case.
Before considering the affirmative defenses interposed by the defendant, the court will state its findings on the contested factual issues concerning the alleged contract in suit.
In February, 1945 plaintiff entered into an oral agreement with defendant, whereby the plaintiff agreed to paint five separate portraits of the defendant, the defendant’s wife, and the defendant’s three children, Caryn, six years of age, Clendenin J. Ryan, Jr. (referred to in the testimony as “ Mike ”), five years of age, and Cyr, two years of age. The defendant agreed to make himself and his family available for sittings and to pay $6,000 for each of the children’s portraits and $5,000 for each of the parent’s portraits, a total of $28,000.
*749 The sittings for the portraits commenced shortly after the making of the contract and continued thereafter with frequent interruptions and delays. Plaintiff completed the portraits of defendant’s wife and his daughter Caryn by August, 1946. Defendant paid the agreed price of $11,000 for the two completed portraits in August, 1946. Plaintiff substantially completed Mike’s portrait and did some preliminary work on the portraits of defendant and his son Cyr. The last sitting on any of these portraits was on Mike’s and took place in September, 1946.
I find that the plaintiff has established by a fair preponderance of the evidence that there was a valid oral contract between the parties, as alleged in the complaint and as forth above, that the plaintiff was at all times ready, willing and able to and did perform his obligations thereunder (except as he was prevented by defendant from performing and except as noted below with respect to the portrait of Cyr), and that defendant breached the contract by failing to make himself and his children Mike and Cyr available for sittings, thereby preventing plaintiff from completing his performance of the contract.
These findings dispose of and necessarily reject defendant’s contentions that the engagement was for plaintiff to paint only three separate portraits, namely, of defendant’s wife, and his children Caryn and Mike.
On these findings and subject to the affirmative defenses hereafter discussed, the plaintiff would be entitled to recover the full amount of $17,000 sued for herein (less the small cost to plaintiff of completing the contract). However, I find that the contract in suit, insofar as it involved the portrait of defendant’s youngest child, Cyr, was abandoned by the parties and hence the plaintiff is not entitled to recover the $6,000 fixed as the agreed price for Cyr’s portrait. The work done on Cyr’s portrait was minor and preliminary. After two sittings, the last of which took place about the summer of 1946, Cyr was not produced for further sittings. Plaintiff testified that he would be unable to complete the portrait of Cyr because “ He has gotten too old ”. And in a letter dated April 20, 1948, written at the plaintiff’s request by Mr. Martin G. Jennings (who testified as a witness of Knoedler), and placed in evidence by plaintiff, Jennings stated:
“ When I talked with Mr. Brockhurst yesterday, he told me he was very anxious to complete the portraits of you and your eldest son. He feels that the younger boy will have changed so much that he would have to forget about this one.
*750 “ Neither the portrait of you or your older boy will require many additional sittings, and he suggests that if he could see you two only once a week, both of these would soon be completed.
“ In order that we may close this transaction with Mr. Brockhurst, we would appreciate it very much if you would advise either of us just when you could, without too much inconvenience to yourself, arrange for this. He would like very much to finish both of these portraits before you and your family go to the country for the summer, and in view of its longstanding, I hope very much you will be able to arrange this.”
On the trial the plaintiff, while acknowledging that the foregoing letter was sent by Jennings at plaintiff’s request, did not in any wise repudiate or contradict what seems to me to be quite evident from the letter, namely, that the painting of Cyr’s portrait was to be abandoned and that only two portraits, those of defendant and his son Mike, remained to be completed.
The contract of the parties is clearly a divisible contract (Ming v. Corbin, 142 N. Y. 334, 340-341; Portfolio v. Rubin, 233 N. Y. 439, 444-445; 3 Williston on Contracts [Rev. ed.], §§ 860A, 862). This is confirmed not only by the terms of the contract between the parties but as well by their intentions as demonstrated by the fact that two of the five separate portraits contracted for were completed and paid for at the separate contract prices therefor. Defendant’s failure to co-operate in the performance of the contract by not producing Cyr for further sittings and plaintiff’s acquiescence therein, as demonstrated by the afore-mentioned letter of April 20,1948, establish, in my opinion, an abandonment of that part of the contract with respect to the painting of Cyr’s portrait. The court may (and in this case does) infer such abandonment from the conduct of the parties and the attendant circumstances (6 Williston on Contracts [Rev. ed.], § 1826). It is, clearly, no answer to say, as plaintiff argues in his brief, that plaintiff could have started a new portrait of Cyr. Accordingly, and notwithstanding that defendant breached the agreement by failing to produce Cyr for sittings, the plaintiff is not entitled to recover the $6,000 which was agreed to be paid to him for Cyr’s portrait.
This brings the court to the affirmative defenses of the Statute of Frauds and Statute of Limitations.
Defendant claims that the agreement in suit is unenforcible under the Statute of Frauds in that by its terms it was not to be performed within one year from the making thereof (Personal Property Law, § 31, subd. 1). The courts have held that if an oral agreement admits of performance within one year, although *751 unlikely to be so performed, it is not within the prohibition of the Statute of Frauds (Nat Nal Service Stations v. Wolf, 304 N. Y. 332, 335-336; Kent v. Kent, 62 N. Y. 560, 564; Warren Chem. & Mfg. Co. v. Holbrook, 118 N. Y. 586, 593; Ward v. Hasbrouck, 169 N. Y. 407, 419). The evidence establishes, and I find, that the parties contemplated completion of all of the portraits within a relatively short time; that plaintiff painted as many as 30 portraits a year, and that the contract was clearly capable of being performed within one year. Consequently, I hold that the defendant has not sustained his burden of establishing his defense of the Statute of Frauds.
The parties appear to agree, and the court decides, that the applicable Statute of Limitations is the six-year statute (Civ. Prac. Act, § 48). The action was instituted on June 24, 1954 and hence would be barred by the Statute of Limitations if the cause of action accrued prior to June 24, 1948. The basic question to be determined, therefore, on the Statute of Limitations issue, is when the plaintiff’s cause of action accrued.
The parties appear to agree, and the court decides, that where, as in the case at bar, no date or time of performance is specified in the contract, the parties have a reasonable time to perform and the cause of action accrues and the statute begins to run as soon as such reasonable time has expired (Bykowsky v. Public Nat. Bank of N. Y., 209 App. Div. 61, affd. 240 N. Y. 555; Schochet v. Public Nat. Bank of N. Y., 220 App. Div. 201; Peaslee v. Press Assoc. Compilers, 168 Misc. 126; Ahrens v. Guaranty Trust Co., 125 Misc. 443). It is, of course, clear that “Reasonable time is not an inflexible term. It depends commonly upon the circumstances of each case.” (American Steam Gauge and Valve Mfg. Co. v. Mechanics Iron Foundry Co., 214 Mass. 299, 301, quoted with approval by Cardozo, J., in Schnitzer v. Lang, 239 N. Y. 1, 5.)
Since the action was tried without a jury, the court must decide as a question of fact whether the cause of action accrued within or without the six-year period prior to the institution of the action. It will be borne in mind that the transaction here in suit was not a commercial transaction. The evidence establishes that time was not considered by the parties to be vital or of the essence. The contract in suit was negotiated and performed (to the extent not aborted by the acts of the defendant) in an atmosphere of unhurried leisure. There were frequent cancellations and postponements of sittings at the request of the defendant and his family. Although the contract for the portraits was made in February, 1945, the second of the two com *752 pleted portraits paid for by the defendant was not completed until August, 1946 and, as noted above, the last sitting (on Mike’s portrait) took place in September, 1946. The portrait of defendant’s wife, which had been completed by plaintiff in August, 1946, was not framed until the spring of 1947.
At no time did the defendant give notice to the plaintiff of repudiation of the contract or of his intention not to submit himself and his family for further sittings. In the spring of 1947, when the plaintiff and the defendant met at a cocktail party, the defendant requested the plaintiff “ When are we going to get down to these portraits? ” and the plaintiff replied ‘‘ Any time you make a date ’’. While no inference is, or need be, made concerning defendant’s failure to reply to the above-quoted letter of April 20, 1948, I find that in the latter part of 1948 or the early part of 1949, Jennings, the writer of said letter, in a telephone conversation with the defendant, advised that plaintiff had contacted Jennings with regard to further sittings and that defendant stated to Jennings that defendant would be in touch with plaintiff directly.
Since performance by defendant required affirmative action on his part, i.e., producing himslf and his family for sittings, there can be no doubt that their failure to appear or arrange for sittings, if continued beyond a reasonable time, would constitute notice to plaintiff of defendant’s repudiation and a cause of action would then have accrued. I am unable to find in this case that such reasonable time had expired by June 24, 1948.
In terms of hindsight and taking into consideration the continued failure of the defendant to present himself and the remainder of his family for further sittings, one might possibly now conclude that shortly after the September, 1946 sitting of defendant’s son Mike, defendant had no intention to proceed further with the contract. However, “ A wisdom developed after an event and having it and its consequences as a source is a standard no man should be judged by. ” (Costello v. Costello, 209 N. Y. 252, 262.)
In the court’s opinion, a reasonable time for performance had not expired and the Statute of Limitations, therefore, did not begin to run until subsequent to June 24, 1948. On all the evidence in the case, including the circumstances mentioned above, I find and decide that on the date of institution of this action six years had not passed since the date of a reasonable time for performance of the contract in suit and that defendant has not sustained his burden of establishing the defense of the Statute of Limitations.
*753 The damage recoverable by the plaintiff in this action is the contract price, less payments made and less the cost of completion (Bintz v. Mid-City Park Corp., 223 App. Div. 533; New Era Homes Corp. v. Forster, 299 N. Y. 303, 307). No payments have been made on account of the agreed price of $11,000 for the two portraits of defendant and his son Mike, for which plaintiff is allowed recovery. The undisputed testimony is that plaintiff’s cost of completion of said two portraits would be $24. Consequently, plaintiff is entitled to recover of the defendant $10,976 and interest.
Plaintiff is entited to interest from the date of commencement of the action (Civ. Prac. Act, § 480; Manufacturers Trust Co. v. Gray, 278 N. Y. 380; Aronowsky v. Goldberger-Raabin Co., 250 App. Div. 731; Freedman v. Hart & Early Co., 162 Misc. 487; High Quality Homes v. Palmer, 283 App. Div. 954). Judgment for the plaintiff is ordered accordingly.
The motion made at the close of the case to conform the pleadings to the proof, is granted. The motion to dismiss the defenses of the Statute of Frauds and the Statute of Limitations, is granted. All motions not heretofore disposed of are determined and disposed of in accordance with this opinion.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Thirty days’ stay and 60 days to make a case.