Bernard Tomson, J.
The determination of this motion for summary judgment (particularly in view of the congested Trial Calendar) is a matter of more than passing concern, since it involves an interpretation of a form approved by a joint committee of the Nassau County Medical Society and the Nassau County Bar Association. It reads as follows:
AUTHORIZATION FOR PAYMENT OF PHYSICIAN’S FEE BY ATTORNEY
Date 2/17/58
Patient (name) joan garcía Address ..................
I, the undersigned, in consideration of medical services rendered by Drs. Arthur Frucht and Benjamin Stein 465 Fulton Avenue, Hempstead, N. Y. for injuries sustained in an accident, which occurred on January 18, 1958, and for the treatment of which I am indebted to said Doctors, do hereby authorize Attorney:
Melvin J. Bogart Esq.,
to deduct and pay over to my Doctor aforementioned the sum of $55 out of any money that may become payable by reason of the claim, suit or settlement brought to recover damages.
Signed /s/ John Garcia, (father)
Witnessed by: Margaret Sofield
Approved as to form by Nassau County Medical Society and Nassau County Bar Association.
The undersigned Attorney herewith represents that the amount of the above bill will be made promptly to Drs. Arthur Frucht & Benjamin Stein.
Signed...........................Date................
The affidavit in support of the motion for summary judgment reads inter alia that the defendant engaged the physicians in January, 1958; that “ the said services were duly performed at or about the date aforesaid for which the defendant agreed to pay the sum of $55 by written instrument ” (the “ authorization ” set out above); that written “ statements ” demanding payment were mailed in the years 1960 and 1962 and that such “ statements ” were “ received and accepted by the defendant without objection ”. No payment having been made on May 25, 1964, the plaintiffs instituted an action on an account stated. The defendant interposed a defense of general denial and the Statute of Limitations. No part payment is pleaded or claimed. There are no facts recited in the papers as to when, if ever, a fund was created out of which the attorney was authorized to pay the doctor.
*54 The issues simply stated are these: 1. Did the six-year statute commence to run on the date of the “ authorization,” February 17, 1958, or at the time of the creation of a fund out of which the attorney was authorized to pay the physicians ? 2. Did the 1960 and 1962 “statements” affect the computation of the six-year period?
Preliminarily, it should be pointed out that the cases relied on by the plaintiffs, Blakeley v. Agency of Canadian Car & Foundry Co. (73 N. Y. S. 2d 573, affd. 272 App. Div. 1001, mot. for lv. to app. den. 272 App. Div. 1015) and Brockhurst v. Ryan (2 Misc 2d 747) are not in point. In the Blakeley case, there was an agreement to pay for services ‘ ‘ when, as and if such award was made.” The Brockhurst case concerned itself with a personal service contract where the time of performance was indefinite and the court determined that a reasonable time for performance had not expired six years before the date of the institution of the action. In the instant action, on the ‘ authorization for payment” the defendant acknowledges that as of the date of the execution of the instrument, he is indebted for services rendered in the amount sued on. The plain import of the language of the instrument is that the attorney is authorized to deduct and pay over a liquidated sum, admittedly due, “ out of any money that may become payable by reason of the claim, suit or settlement brought to recover damages.” This is no “ when, as and if ” stipulation as in the Blakeley case, nor an agreement to perform services in the future as in the Brockhurst case.
It would appear clear that if the ‘ ‘ authorization ’ ’ constituted the account stated sued on, that the Statute of Limitations had run at the time of the institution of the action. (Cf. Hoag v. Garden City Bank & Trust Co., 257 App. Div. 30.)
The plaintiffs urge, however, that the six-year period should be computed from the time of the 1960 or 1962 “ statements.” It should be reiterated that the debt (for a liquidated amount) was acknowledged at the time of the execution of the “ authorization for payment.” Did the “ statements ” alleged to have been received without objection extend the six-year period?
The criteria for the creation of an account stated are set forth in 1 New York Jurisprudence (pp. 149-153). There it is stated:
“ An account stated may be defined, broadly, as an agreement between the parties to an account based upon prior transactions be,tween them, with respect to the correctness of the separate items composing the account, and the balance, if any, in favor of the one or the other. The amount or balance so agreed upon *55 constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items; it is a liquidated debt, as binding as if evidenced by a note, bill or bond. * * *
“ An account stated is predicated upon a transaction between the parties of such a nature as to create the relation of debtor and creditor, prior to the statement of the account. In other words, to make an 1 account stated, ’ the indebtedness must refer to a subsisting debt, for an account stated cannot arise unless there is some indebtedness owing. In other words, an account stated only determines the amount of the debt where a liability exists, and cannot be made to create a liability per se where none before existed. While an account stated may consist of a single item, it must be based on previous transactions out of which the debt arose, and the relation of debtor and creditor must exist between the parties as to all the items; such an account merely determining the amount of an existing valid debt and being-unavailable to create a debt where none existed. * * *
“ So too, where suit is brought upon a liquidated indebtedness such as a specific promise evidenced by a rental agreement for a fixed amount of rent, or by a promissory note, there can be no account stated upon such a liquidated original agreement. This must be due to the fact that if parties agree to pay and to receive a specific sum, the statement of account is simply a reiteration of that concerning which agreement has already been made.” (Emphasis supplied.) (See, also, 6 Williston, Contracts [rev. ed.], p. 5227 et seq., and 1 C. J. S., Account Stated, 695.)
Measured against the criteria for an account stated, it is clear that, if there were an account stated, it is to be found in the “ authorization for payment ” whose date would then determine the running of the Statute of Limitations. The “ statements ” do not extend the period. See Siepka v. Bogulski (164 Misc. 831, 832-833) where the court said: “ This must be due to the fact that if parties agree to pay and to receive a specified sum, the statement of account is simply a reiteration of that concerning which agreement has already been made, and there is no reason that the statute should begin anew and that the debtor should be deprived of the privilege of claiming- and running- of the statute from the original due date of the liquidated indebtedness. [Citing cases].” (Cf. Gervis v. Halsey, 250 App. Div. 297.)
In short, the “ authorization for payment” constitutes a definitive acknowledgement that the patient is indebted to the physician for a liquidated amount. The physician should be wary of permitting the six-year period to expire without appropriate action on his part. The fact that he has not been informed *56 by Ms patient that the “ case ” has not been disposed of within the six-year period (a not unusual situation in this county) does not, by itself extend the physician’s time to reduce his claim to judgment.
The motion for reargument is granted and upon reargument, the original determination granting the defendant summary judgment and denying plaintiffs’ motion for summary judgment is adhered to.