No. 22010.

DWIGHT A. JOHN *v.* UNITED ADVERTISING, INC.
(439 P.2d 53)

Decided March 4, 1968. Rehearing denied April 22, 1968.

LAURENCE M. GUILFORD, C. CHARLES BUCHLER, VICTOR N. NILSEN, for plaintiff in error.

BERNARD SOBOL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS is a contract case. The central issue is whether the contract in question is "entire" or "severable" in nature.

Dwight John, who will hereinafter be referred to as the plaintiff, as the owner and operator of two motels located on South Broadway street in Englewood, Colorado, entered into a written contract with United Advertising, Inc., a corporation which will hereinafter be referred to as the defendant. Under the terms and provisions of this contract the defendant agreed to construct, install and then maintain at its own expense for a period of three years seven outdoor display signs advertising the two motels owned and operated by the plaintiff, in return for which the plaintiff promised to pay the defendant the sum of $95 per month for three years.

In view of the trial court's ultimate disposition of this controversy, two other provisions of the contract between the parties should now be mentioned. The contract "broke down" the aggregate monthly rental of $95 and provided that the rental on one of the seven signs, which was to be 10′x30′ in size, would be $35 per month and that the rental on each of the remaining six signs, which were each to be 4′x8′ in size, would be $10 per month. As concerns possible termination or modification of the agreement, there was a provision that the termination or modification "of any item of

this agreement constitutes that part of the agreement only and does not affect any other item or part of the agreement."

The present writ of error stems from the plaintiff's claim against the defendant for damages for an alleged breach of contract. In his complaint the plaintiff alleged that the defendant failed to erect and maintain the advertising signs as it had agreed to do and averred that as a result thereof plaintiff suffered damages in the total sum of $10,655. Of this amount, according to the plaintiff, $10,000 represented a so-called loss of business profits, and the remaining $655 represented monies paid the defendant under the contract.

By answer the defendant alleged that each of the seven signs had been properly erected and maintained, except for one small sign which will be referred to as sign No. 4. The defendant asserted no counterclaim for the reason that shortly before the institution of the present action, the defendant assigned its claim against the plaintiff for unpaid monthly rentals to a collection agency.

Trial of this matter was to the court, at the conclusion of which the trial court made very detailed findings of fact and conclusions of law. Specifically, the trial court found that five signs which were referred to as signs No. 1, 2, 3, 6 and 7 were erected in substantial compliance with the terms of the contract. However, the trial court found that sign No. 4 was never erected and that sign No. 5 though erected, was not erected in the particular location called for by the contract. In short, then, the trial court found that the defendant had in fact breached the contract in these two particulars.

It was in this particular setting, that the trial court then found that the contract in question was "divisible" and that the failure of the defendant to properly erect and maintain signs No. 4 and 5 constituted only a "severable breach." However, the trial court then went on to find that even though the plaintiff had established

two so-called severable breaches, he nonetheless had failed to establish by "satisfactory evidence" that he sustained *any* damage by reason of the failure of the defendant to properly install signs No. 4 and 5. The trial court accordingly entered judgment dismissing the plaintiff's claim for relief, and by writ of error plaintiff now seeks reversal of the judgment thus entered.

As above indicated, probably the basic issue is whether the contract between the parties is entire or severable. In other words, whether the seven signs in question were, or were not, erected in substantial compliance with the terms and provisions of the contract is basically a question of fact. Our review of the record convinces us that there is evidence to support the trial court's determination that signs No. 1, 2, 3, 6 and 7 were installed substantially in accord with the contract, but that on the contrary the defendant did in fact breach the contract as concerns signs No. 4 and 5. These findings then cannot be disturbed, as there is evidence to support them.

Digressing for a moment from a consideration of the contract itself, our perusal of the record convinces us that the trial court's finding that the plaintiff failed to establish any so-called loss of business by reason of defendant's aforementioned breach of contract must also be sustained. Granted that it was perhaps difficult for the plaintiff to establish, for example, the number of customers he lost because of the defendant's failure to properly erect signs No. 4 and 5, still the burden to prove such an item of damage is his. Under all the circumstances we are therefore disinclined to disturb the finding of the trial court that in this particular, at least, the plaintiff failed to sustain his burden of proof. See *Lockwood Grader Corporation v. Bockhaus,* 129 Colo. 339, 270 P.2d 193, where we held that the evidence of loss of profits was too uncertain, conjectural and speculative to form a proper basis for any award of damages.

■ However, there is one remaining item of damage which must be considered, and that is the money paid by plaintiff to defendant under the contract. The contract itself called for plaintiff to pay the defendant the *last* four months rent on *all* seven signs. This the plaintiff did, paying defendant the total sum of $380 upon the signing of the contract, or within a very short time thereafter. Then, while the defendant was in the process of erecting the various signs, plaintiff also paid defendant additional sums totaling $300. In other words, the evidence showed that the plaintiff paid defendant the *total* sum of $680 under the contract, and this was the eventual finding of the trial court. However, the trial court apparently did not consider this to be an item of damage, and in this particular it did err.

Of the total sum given defendant by the plaintiff, namely $680, our study of the findings made by the trial court indicates that $120 represented money paid for the two signs (signs No. 4 and 5) which defendant failed to properly install. So, if the contract be *severable* or *divisible*, then the plaintiff is *only* entitled to recover those monies paid defendant for signs No. 4 and 5, which sum is $120. But if the contract be deemed entire in nature, the plaintiff would be entitled to recover *all* of the monies paid by him to the defendant, which would be the sum of $680. It is in this setting that it then becomes necessary to determine the correctness of the trial court's determination that the contract is severable, and not entire.

■ Whether a contract is entire or severable is a matter which cannot be determined with mathematical precision, as it has been said that there is no set formula which furnishes a foolproof method for determining in a given case just which contracts are severable and which are entire. 12 Am. Jur. 870 and 17 C.J.S. 785. The primary objective is to ascertain the intent of the contracting parties, as such intent is manifested by not only the several terms and provisions of the contract

itself, but also as such are viewed in the light of all the surrounding circumstances, including the conduct of the parties before any dispute has arisen. *National Ben Franklin Fire Ins. Co. v. Stuckey,* 92 F.2d 411 and *Western Motors v. Carlson,* 138 Colo. 404, 335 P.2d 272. And the singleness or apportionability of the consideration is said to be an important factor to be considered. See *Swinney v. Continental Building Co.* 340 Mo. 611, 102 S.W.2d 111 and *Brockhurst v. Ryan,* 2 Misc. 2d 747, 146 N.Y.S. 2d 386.

 It has also been stated that whether a number of promises constitute one contract, or more than one, is to be determined by inquiring "whether the parties assented to all the promises as a whole, so that there would have been no bargain whatever, if any promise or set of promises were struck out." *U.S. v. Bethlehem Steel Corp.,* 315 U.S. 289, 62 S. Ct. 581, 86 L.Ed. 855. And the issue as to whether a contract is entire or severable has been characterized as a mixed question of fact and law. *Rothman Realty Corp. v. MacLain,* 16 N.J. Super. 280, 84 A.2d 482.

Plaintiff's position on this point is that it was intended that this be a "package deal," that at least four of the signs were to be so situated as to "lead" tourists to the very doorstep of his motel, and that he received *no* benefit under the contract unless all seven signs were properly erected and in place. Therefore, it is argued, the contract is entire in nature.

The defendant, on the contrary, urges that it was the intent of the parties that the contract be severable. In support thereof defendant points to the fact that the money due it from the plaintiff was not a lump sum for the seven signs, but was apportioned as so much, per individual sign. Also, the defendant argues that the termination and modification clause, referred to at the outset of this opinion, certainly looks toward severability. Finally, defendant notes that the several billings were on a "so much per sign basis," and each sign is said to

be complete within itself, with no one sign by any language printed thereon being "tied in" to any other sign.

The foregoing recital indicates that the testimony bearing on this particular matter is in at least a degree of conflict. Certainly reasonable persons could well differ as to the proper inferences to be drawn from the testimony and documentary evidence which was before the trial court. In such circumstance we are not at liberty to overturn the trial court's determination that the contract in the instant case was a severable one. There being evidence, then, to support this finding of the trial court, its determination must therefore be upheld. *Briano v. Rubio,* 141 Colo. 264, 347 P.2d 497.

Accordingly, the judgment of the trial court dismissing plaintiff's claim is reversed and the cause remanded with direction that judgment be entered in favor of plaintiff and against defendant in the sum of $120, which is the rental paid on signs No. 4 and 5.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.