24CA1741 Meadow Shopping v Ganoe 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1741
Douglas County District Court Nos. 23CV30602 & 23CV30998
Honorable Andrew C. Baum, Judge
Honorable Robert Lung, Judge

Meadow Shopping Center 05 A LLC,

Plaintiff-Appellee,

v.

Craig Justin Ganoe,

Defendant-Appellant.

JUDGMENT AND ORDER AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

Fennemore Craig, P.C., David A. Laird, Paul W. Jordan, Allison M. Hester,
Denver, Colorado, for Plaintiff-Appellee

Springer and Steinberg, P.C., Jeffrey A. Springer, Joel A. Richardson, Denver,
Colorado, for Defendant-Appellant

¶ 1 Defendant, Craig Justin Ganoe, appeals the judgment and attorney fees award entered in favor of his landlord, Meadow Shopping Center 05 A LLC (landlord). We affirm.

## I. Background

¶ 2 Ganoe owned a business that leased commercial property from landlord. He personally guaranteed the lease. During the lease term, Ganoe sold most of his interest in the business, but the sale did not alter his status as personal guarantor.

¶ 3 When the lease expired in June 2023, the business continued to occupy the property without renewing the lease. In August 2023, landlord filed an action for unlawful detainer and damages against the business and Ganoe (collectively, defendants).[1] Neither defendant answered the complaint. Instead, several days after the complaint was filed, the parties entered into a stipulation of settlement.

¶ 4 The stipulation of settlement was a conditional agreement. Among other terms, it provided that if defendants made specified installment payments on designated dates and the parties executed

---

[1] The business was a defendant in the trial court but is not a party to this appeal.

a new lease, the lawsuit would be dismissed, and landlord would waive holdover rent for the first two months of the holdover (July and August 2023). The agreement further provided that if defendants failed to comply with the terms of the agreement, landlord would file a confession of judgment that defendants had executed.

¶ 5    In September 2023, with no new lease executed, landlord filed the confession of judgment with the trial court.

¶ 6    The business continued to occupy the property without a lease or landlord's consent. Ultimately, in February 2024, the business vacated the property.

¶ 7    After the business vacated the property, landlord's unlawful detainer and damages action was still pending, and defendants still had not answered the complaint.[2] The trial court therefore deemed the allegations in the complaint admitted and determined that the only issue for it to decide was damages.

---

[2] At the trial court's direction, landlord filed a second unlawful detainer and damages action that subsumed the first. The court resolved both actions together, so there is no need to distinguish between the two here.

¶ 8    The court then held a damages hearing.  It determined that, after the lease expired, the business was a holdover tenant because it continued to occupy the property, and landlord accepted some rent payments.  Applying the law applicable to holdover tenancies, the court held that the terms of the expired lease governed the damages analysis and awarded damages accordingly.  The court also granted landlord's request for attorney fees and costs.

¶ 9    Ganoe appeals, challenging the court's damages and attorney fees awards.  We disagree with his arguments and affirm the judgment and award.

## II.    Confession of Judgment

¶ 10    Ganoe's first argument centers on the confession of judgment. He describes the court's alleged error in several different ways.  He argues the court erred by "upholding" the confession of judgment, "allowing the [confession of judgment] to remain in effect," and "declin[ing] to vacate the [confession of judgment]."  As we understand it, Ganoe argues that the court erred by awarding damages under or based on the confession of judgment.  We reject this argument because it appears to us that the trial court did no such thing.

¶ 11    The confession of judgment provided that Ganoe owed certain damages to landlord.  And it is true that landlord filed the confession of judgment in the trial court.  But the trial court did not enter judgment based on the confession.  The record is clear that the trial court awarded damages based on the terms of the expired lease because the business was a holdover tenant.  *See First Interstate Bank v. Tanktech, Inc.*, 864 P.2d 116, 120 (Colo. 1993) (describing the holdover tenancy doctrine).  Accordingly, the confession of judgment had no bearing on the damages award.  We therefore reject Ganoe's argument that the trial court erred by relying in some way on the confession.

### III.    Stipulation of Settlement

¶ 12    Ganoe argues next that the trial court erred by failing to enforce the stipulation of settlement's terms requiring (1) dismissal of the lawsuit and (2) waiver of holdover rent for July and August 2023.  We conclude that neither argument warrants relief.

¶ 13    As to the first argument, the record shows that Ganoe never asked the trial court to enforce the agreement's provision requiring dismissal of the lawsuit.  Because he failed to seek this remedy in the trial court before seeking it here, we conclude this argument is

4

unpreserved, and we will not review it. *See Ortiz v. Progressive Direct Ins. Co.*, 2024 COA 54, ¶ 40 (*cert. granted in part on other grounds* May 16, 2024).

¶ 14 Ganoe preserved the second argument by including it in his written closing argument at the damages hearing. We therefore address it, reviewing the trial court's interpretation of the stipulation of settlement de novo. *See Ringquist v. Wall Custom Homes, LLC*, 176 P.3d 846, 849 (Colo. App. 2007).

¶ 15 The stipulation of settlement conditioned the holdover rent waiver on the parties executing a new lease. Ganoe concedes that the parties never executed a new lease, which would seemingly preclude his entitlement to the holdover rent waiver. But Ganoe argues otherwise. He contends that the requirement to execute a new lease was an unenforceable term that could be severed from the rest of the agreement, leaving the remaining terms enforceable. We disagree. If the requirement to execute a new lease was unenforceable, it was not severable from the remainder of the conditional terms, including the holdover rent waiver.

¶ 16 To determine whether a contract term is severable, we ask "whether the parties assented to all the promises as a single whole,

5

so that there would have been no bargain whatever, if any promise or set of promises were struck out." *CaptialValue Advisors, LLC v. K2D, Inc.*, 2013 COA 125, ¶ 24 (quoting *John v. United Advert., Inc.*, 439 P.2d 53, 56 (Colo. 1968)). Here, the parties agreed to the new lease and holdover rent waiver terms as part of a single whole agreement. We know this because the parties expressly conditioned the holdover rent waiver on the execution of a new lease. Thus, if the new lease term was unenforceable as Ganoe argues, so too was the holdover rent waiver, along with all the other terms conditioned on the new lease term.[3]

## IV.  Attorney Fees

¶ 17    Ganoe also challenges the trial court's attorney fees award. We conclude that all his attorney fees arguments are unreviewable because they are conclusory and lack substantial supporting argument. *See Taylor v. Taylor*, 2016 COA 100, ¶ 13.

---

[3] To the extent that Ganoe presented nonconclusory arguments in section III of his opening brief, this conclusion is dispositive of them. As far as we can tell, Ganoe's section III arguments urge us to enforce provisions of the stipulation of settlement that were conditioned on the parties executing a new lease.

¶ 18    Ganoe first says that if it were not for the trial court's alleged errors, he would have been the prevailing party and been entitled to attorney fees on that ground.  Regardless, he was not the prevailing party.

¶ 19    Ganoe next claims that the trial court "erred by failing to analyze the claimed fees for reasonableness."  But he does not identify what portion of the fees awarded were unreasonable, if any.

¶ 20    Finally, Ganoe argues that the court erred "by awarding over $20,000 in additional claimed fees without allowing Defendants the allotted time to respond and object."  Ganoe does not identify the authority that sets out the allotted time, nor does he explain how the time he was given violated that unidentified authority.

¶ 21    We therefore reject all of Ganoe's challenges to the trial court's attorney fees award.

## V.    Appellate Attorney Fees and Costs

¶ 22    Landlord requests its reasonable attorney fees and costs incurred in defending this appeal under the prevailing party provision of the expired lease.  We grant that request.

7

## VI.    Disposition

¶ 23    The judgment and attorney fee award are affirmed.  The case is remanded to the trial court with directions to award landlord its reasonable appellate attorney fees and costs.

JUDGE FREYRE and JUDGE YUN concur.